Receipt number AUSFCC-7896202

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| 1. | Ables, Heather | |
| 2. | Ackerman, Karen | Case No. |
| 3. | Agard, Justin | Judge: _____ **22-539C** _____ |
| 4. | Anderson, James II | |
| 5. | Anthony, Ricky | |
| 6. | Anthony-Hampton, Dionne | |
| 7. | Austin, Deonte' | |
| 8. | Avery, Krystal | |
| 9. | Baker, Donterio | |
| 10. | Banks, Kenyon | |
| 11. | Banks, Swakieshia | |
| 12. | Barnes, Bobby | |
| 13. | Bass, Janice | |
| 14. | Bass, Jeanette | |
| 15. | Bassett, Christina | |
| 16. | Bateast, Roderick Sr. | |
| 17. | Beamon, LaCora | |
| 18. | Beasley, Dedrick | |
| 19. | Benson, Ricardo | |
| 20. | Berry, Jakel | |
| 21. | Black, Michael | |
| 22. | Boddy, Joseph | |
| 23. | Bolds, Ursula | |
| 24. | Boone, Jennifer | |
| 25. | Booth, Keith | |
| 26. | Boyd, Eddrick | |
| 27. | Boyd, Nicole | |

28.     Boyd, Percy

29.     Brent, Catherine

30.     Brent, Michael

31.     Brooks-Parker, Vanessa

32.     Brown, Albert

33.     Brown, Charlotte

34.     Brown, Gavin

35.     Brown, Jami

36.     Brown, Latanya

37.     Brown, Lykesha

38.     Brown, Mattrisa

39.     Brown, Michael Sr.

40.     Brown, Stacy

41.     Brown, Tiffany

42.     Brown, Victoria

43.     Brown, William

44.     Bryant, Brandon

45.     Buchanan, Jarome

46.     Bullock, Corey

47.     Bullock-Williams, Lisa

48.     Bunzy-Pullum, Carmelita

49.     Calhoun, Jamontay

50.     Campbell, Tracy

51.     Carson, Allison

52.     Carter, Joanna

53.     Carter, Katina

54.     Casey, Marlon

55.     Clark, Johnese

56.     Clark, Sederick

57.     Clay-Mills, Tawanda

58.     Cole, Jerald

59.     Coleman, Aaron

60.     Coleman, DeJovon

61.     Coleman, Houston

62.     Coleman, Jeff

63.     Collins, Courtney

64.     Conley, Lonnie

65.     Conston, David

66.     Cooper, Clema

67.     Cooper, Robert

68.     Courtney, Artvitta

69.     Cox, Elgin

70.     Crockett, Desmond

71.     Cross, Willie

72.     Crowder, Brandon

73.     Crowder, Libri

74.     Cummings, Byron

75.     Curtis, Demarcus

76.     Darby, Khory

77.     Davis, Akia

78.     Davis, Anthony

79.     Davis, Barbara

80.     Davis, Michael

81.     Davis, Triniqua

82.     Dean, James

83.     Dean, Reginald

84.     Dent, Kenyatta

85.     Dent, Phenician

86.     Dixon, Curtis Jr.

87.     Dixon, Serena

88.     Domino, Kenneth

89.     Dortch, Gregory

90.     Douglas, Tekevia

91.     Drummond, Roy

92.     Dunlap, Matthew

93.     Edwards, Terrance

94.     Elery, O'Shauna

95.     Ellis, Pamelisha

96.     Evans, Marquee

97.     Evans, Sonny

98.     Fieber, Rachel

99.     Finney, Richard III

100.    Fleming, Terrance

101.    Ford, Rhonda

102.    Foster, Frances

103.    Foster, Jayson

104.    Foster, Raymond Jr.

105.    Fox, Cherry

106.    Fox, Jannella

107.    Fox, Robert

108.    Franklin, Crama Jr.

109.    Fuller, Latasha

110.    Fuqua, Jeremy

111.    Gainwell, Robert III

112.    Galtney, Veronica

113.    Gardner, Kamarcus

114.    Garrett, Charles Jr.

115.    Garrison, Jessica

116.    Gates, Deoqua

117.    Gates, Tosehbia

118.    Geter, Jerry Jr.

119.    Gibson, Andrea

120.    Gilstrap, Cassandra

121.    Gladness, Ashley

122.    Gladness, Marqueis

123.    Glass, Deonna

124.    Gooden, Brandia

125.    Goston, Kecha

126.    Gower, Justin

127.    Gower, Marcus

128.    Granger, Gregory

129.    Grant, Carl

130.    Graves, Rashunda

131.    Green, Audrey

132.    Green, David

133.    Griffin, Paul Jr.

134.    Gunn, Barry

135.    Hall, Cynthia

136.    Handy, Aaron

137.    Handy, Malcolm Jr.

138.    Harber, Ashley

139.    Hardy, Michael

140.	Harkey, Reggie

141.	Harper, LaQuita

142.	Harper, Reginald

143.	Harris, Casey

144.	Harrison, Charlotte

145.	Harrison, Delpeny

146.	Hathorn, Jason

147.	Hawkins, Angela

148.	Hawkins, Terence

149.	Hawkins, Valencia

150.	Haymer, JaDarius

151.	Haywood, Barbara

152.	Hearns, Donna

153.	Hearns, Eddie

154.	Heidel, Edward

155.	Heidel, Monica

156.	Henderson, Lovenso

157.	Henderson, Terrence

158.	Henry, Julian

159.	Herrington, Travis

160.	Hickman, Chadisty

161.	Holmes, Craig

162.	Holmes, Eric

163.	Holmes, Robert

164.	Holton, Earnest

165.	Hooper, Brian

166.	Hornsby, Darkenya

167.	Horton, Mia

168. Houseworth, Jasmine

169. Howard, LaColby

170. Howard, Shalimar

171. Hubbard, Kimberly

172. Hughes, Willie

173. Humphries, Benjamin

174. Hutton-Harris, Mikimbe

175. Ingram, Candy

176. Ivory, Cedrick

177. Jackson, Aaron

178. Jackson, George Jr.

179. Jackson, Keyanna

180. Jackson, Lacreshia

181. Jackson, Lawanda

182. Jackson, Luekertera

183. James, Cedric

184. Jamison, Dominique

185. Jefferson, Jason

186. Johnson, Brittany

187. Johnson, Byron

188. Johnson, Christopher

189. Johnson, Maushunia

190. Johnson, Tavorus

191. Johnson, Tekesha

192. Jones, Bernitta

193. Jones, Christopher

194. Jones, Desiree

195. Jones, Elijah

196.    Jones, Johenes

197.    Jones, Kenya

198.    Jones, LaTari

199.    Jones, LaTisha

200.    Jones, LeTrey

201.    Jones, Luciana

202.    Jones, Mackenzie

203.    Jones, Ralpheal

204.    Jones, Vanessa

205.    Jordan, Sharon

206.    Kelly, Eric

207.    Kemp, Shawonna

208.    Kimbrough, Annlesha

209.    King, Jenna

210.    King, Rex

211.    Kirby, Meredith

212.    Kirby, Philip

213.    Knight, Kristopher

214.    Knighten, Jovonna

215.    Lairy, Dianna

216.    Lake-Carr, Thembi

217.    Lampkin, Calvin Jr.

218.    Ledlow, Angela

219.    Lee, Andre

220.    Leflore, Roshunda

221.    Levy, Katunia

222.    Lewis, Carlos

223.    Lewis, Cecil

224.    Lewis, Sharon

225.    Lewis, Tony

226.    Liddell-Peterson, Alisha

227.    Lindo, Reuben

228.    Lindsey, Leroy

229.    Lofton, Corey

230.    Lofton, Oshad

231.    Longino, Mikael

232.    Love, Contrina

233.    Luse, Kevin

234.    Mack, Richard Jr.

235.    March, James

236.    Marroquin, Jesus

237.    Martin, Demarco

238.    Martin, Eddie

239.    Martin, Richard

240.    Mason, Pattie

241.    Mathews, Kimberly

242.    Matthews, Tremansky

243.    Mayhall, Phillip

244.    McAbee, Kesha

245.    McCain, Demetrius

246.    McClain, Otha

247.    McCollum, Marcus

248.    McDowell, Sarah

249.    McFarland, LaMonica

250.    McLemore, Lawrence

251.    McMaster, Barbara

252.    McMiller, Sheronda

253.    McMurtrey, Portia

254.    Meeks, Anthony

255.    Mills, Donald Jr.

256.    Mills, Donald Sr.

257.    Mills, Sandra

258.    Montgomery, Lataesha

259.    Moore, Kacey

260.    Moore, Leonard

261.    Moore, Salena

262.    Moore, Thaddeus

263.    Moore, Tiffany

264.    Morrison, Jake

265.    Morrow, Kennotrice

266.    Munford, Keveya

267.    Murray, Jeff

268.    Nalls, Charles

269.    Neal, Jessica

270.    Nelson, Jeffrey

271.    Newell, Patrick

272.    Newman, Lorenzo

273.    Newsome, Shawn

274.    Newton, Robert

275.    Newton, Sherard

276.    Nicholson, Damien

277.    Norvel, King

278.    Oatis, Unekia

279.    Owens, Laritha

280.     Pack, Kimberly

281.     Paige-Coleman, Martina

282.     Palmer, Carey

283.     Patrick, Jermaine

284.     Paul, Timothy

285.     Payne, Jeremy

286.     Pelison, Jeffery

287.     Pennington, Angela

288.     Pepper, Nathaniel

289.     Perry, Brittney

290.     Perry, Derek

291.     Perry, Shaun

292.     Phillips, Derrick

293.     Pickens, Jerrick

294.     Pickens, Ruthie

295.     Pierce, Christopher

296.     Pittman, Kierre

297.     Potts, Desi

298.     Potts, Shamekia

299.     Pough, Derrell

300.     Price, Adrian

301.     Price, Cyndee

302.     Price, Rutishura

303.     Priest, Cierra

304.     Pritchard, Daron

305.     Pruett, James

306.     Rankin, Jamaul

307.     Ratliff, David

308. Ray, Charles Jr.

309. Ray, Sheneka

310. Reed, Jay

311. Richardson, Detravia

312. Richardson, Seandria

313. Richardson, Willie Jr.

314. Riley, Christopher

315. Robinson, Brenda

316. Robinson, Damarcus

317. Robles, Crystal

318. Rogers, Samuel

319. Rosario, Manuel

320. Ross, Patrick

321. Rouse, Tymisha

322. Rubiola, Tracey

323. Salassi, Garret

324. Sampson, Oliver

325. Santana, Hector

326. Scott, Charles

327. Scott, Christopher

328. Scott, John Jr.

329. Scott, Willie L.

330. Scott, Willie T.

331. Searight, Raphael

332. Shackleford, Larry

333. Shaffer, Tiffany

334. Shelby, Joe Jr.

335. Shelby, Lynika

336. Shumpert, Queydreka

337. Simmons, John III

338. Sims, Ronnie

339. Smiley, Shomari

340. Smith, Allen

341. Smith, Joshua

342. Smith, Latoya

343. Smith, Lorenzo

344. Smith, Mickell Jr.

345. Smith, Shanquilla

346. Smith, Sheena

347. Snyder, James

348. Snyder, Josette

349. Spearman, Ricky

350. Sproles, Darrell

351. Stampley, Angela

352. Stanley, Gordon

353. Stephens, Yvonne

354. Stevenson, Ronald II

355. Stevenson, Sidney Jr.

356. Stewart, Quanesha

357. Stiff, Conelous Jr.

358. Stokes, Jacqueline

359. Stokes, Jenny

360. Stowers, Andrea

361. Strong, NeTwaski

362. Sumrall, Reid

363. Swan, Tierre

364. Swearengen, LaOnei

365. Sylvester, Danny

366. Tate, Carlos

367. Taylor, Jacqueline

368. Taylor, Jermy

369. Taylor, Joan

370. Taylor, Kalonji

371. Taylor, Sheketric

372. Taylor, Tomasinia

373. Terry, Khalia

374. Thigpen, Luci

375. Thomas, Broderick

376. Thomas, Tarshauna

377. Thompson, TaShoney

378. Tiggs, Lesley

379. Tillman, VeCarlos

380. Townsend, Monterrious

381. Trammell, John

382. Trotter, Edward

383. Tucker, Shandrick

384. Tyler, Reginald

385. Tyler, Sheena

386. Tyler-Clark, Keiandra

387. Varnado, Katon

388. Veal, Patrick

389. Walden, Lakeshia

390. Walker, Latoya

391. Walls, Chris

392.    Warner, Sheena

393.    Warren, Kieran

394.    Warrington, Cody

395.    Washington, Kevin

396.    Weaver, Cardell

397.    Webb, Barbara

398.    Webb, James

399.    Wells, Brad

400.    Wells, Ricky

401.    Wesley, Bernard

402.    West, Jamar

403.    Westbrook, Miranda

404.    Whaley, Stephen

405.    Wheatley, Tara

406.    Whisenton, Marlon

407.    White, Brian

408.    White, Jeff

409.    White, Leonard III

410.    Whittaker, Tecola

411.    Wiles, Benjamin

412.    Williams, Anthony

413.    Williams, Braylon

414.    Williams, Carvika

415.    Williams, Chris

416.    Williams, Curtis

417.    Williams, Donterus

418.    Williams, Dwuan

419.    Williams, Helena

| | |
|---|---|
| 420. | Williams, Jacqueline |
| 421. | Williams, Jason |
| 422. | Williams, John |
| 423. | Williams, Johnny |
| 424. | Williams, Khe'Amber |
| 425. | Williams, Ronnie Jr. |
| 426. | Williams, Stephanie |
| 427. | Williams, X'Zakaree |
| 428. | Williamson, Candice |
| 429. | Wilson-Watson, Katrina |
| 430. | Woodard, Theresa |
| 431. | Woods, Sandra |
| 432. | Wright, Adriana |
| 433. | Yates, Keosha |
| 434. | Young, April |
| 435. | Young, Patrice |

Plaintiffs,

v.

THE UNITED STATES

Defendant

## COMPLAINT

1.      The plaintiffs are current and former employees employed by the defendant United States Government at the U.S. Department of Justice, Bureau of Prisons, at the Federal Correctional Complex ("FCC") Yazoo City in Yazoo City, Mississippi (hereinafter "FCC Yazoo City" or "Institution").  Plaintiffs bring this action for a declaratory judgment, damages and other relief, pursuant to 29 U.S.C. § 216(b), 29 U.S.C. § 1331, 28 U.S.C. § 1346(a)(2) and 1491, 5 U.S.C. §§ 5545(d), 5343(c)(4), 5596 (the Back Pay Act), and the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207, to remedy the defendant's willful and unlawful violations of law complained of herein.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(2), 28 U.S.C. § 1491, 28 U.S.C. § 1331, 29 U.S.C. § 216(b), 5 U.S.C. § 5545(d), 5 U.S.C. § 5343(c)(4), 5 U.S.C. § 5596, and 28 U.S.C. § 2501.  Venue is proper pursuant to 28 U.S.C. § 1402.

## PARTIES

3.      Plaintiff Heather Ables is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Facilities Assistant, GS-7, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Ables has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Ables is entitled to "hazardous duty pay" for each such day.

4.      Plaintiff Karen Ackerman is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Chief Pharmacist, GS-12, Step 10, at FCC Yazoo City. At various times within

the last six years, plaintiff Ackerman has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Ackerman is entitled to "hazardous duty pay" for each such day.

5.      Plaintiff Justin Agard is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Lieutenant, GS-11, Step 8, at FCC Yazoo City. At various times within the last six years, plaintiff Agard has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Agard is entitled to "hazardous duty pay" for each such day

6.      Plaintiff James Anderson, II is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-8, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Anderson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Anderson is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Anderson worked in the I-1, I-2, J-1, J-2, L-2, M-1, M-2, N-1, N-2, and Special Housing Unit at FCC Yazoo City, at various times throughout the pandemic I-1, I-2 and Special Housing Units were designated quarantine areas. Plaintiff Anderson worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Additionally, plaintiff Anderson received at least one memo advising him of possible or actual exposure to the novel corona virus.

7.      Plaintiff Ricky Anthony is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage

Grade Maintenance Worker Supervisor, WS-8, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Anthony has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Anthony is entitled to "environmental differential pay" for each such day.

8.      Plaintiff Dionne Anthony-Hampton is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Employee Development Specialist, GS-9, at FCC Yazoo City. At various times within the last six years, plaintiff Anthony-Hampton has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Anthony-Hampton is entitled to "hazardous duty pay" for each such day.

9.      Plaintiff Deonte' Austin is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Counselor, GS-9, Step 5, at FCC Yazoo City. Prior to March of 2021, plaintiff Austin was employed as a General Schedule Senior Officer Specialist, GS-8, Step 5, at FCC Yazoo City.  At various times within the last six years, plaintiff Austin has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Austin is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Austin worked in all housing units at Medium at FCC Yazoo City, at various times throughout the pandemic D-3, D-4, I-1, I-2 and Special Housing Unit were designated quarantine areas. Plaintiff Austin worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel

corona virus. Additionally, plaintiff Austin received at least one memo advising him of possible or actual exposure to the novel corona virus.

10.    Plaintiff Krystal Avery is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCC Yazoo City. At various times within the last six years, plaintiff Avery has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Avery is entitled to "hazardous duty pay" for each such day.

11.    Plaintiff Donterio Baker is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-7, Step 6, at FCC Yazoo City. At various times within the last six years, plaintiff Baker has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Baker is entitled to "hazardous duty pay" for each such day.

12.    Plaintiff Kenyon Banks is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-7, Step 3, at FCC Yazoo City. At various times within the last six years, plaintiff Banks has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Banks is entitled to "hazardous duty pay" for each such day.

13.    Plaintiff Swakieshia Banks is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 10, at FCC Yazoo City. At various

times within the last six years, plaintiff Banks has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Banks is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Banks worked in Alpha, Bravo, and Charlie housing units at FCC Yazoo City, including the Alpha, Bravo, and Charlie designated quarantine areas.  Plaintiff Swakieshia Banks worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Swakieshia Banks received at least one memo advising her of possible or actual exposure to the novel corona virus.

14.      Plaintiff Bobby Barnes is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 8, at FCC Yazoo City. At various times within the last six years, plaintiff Barnes has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Barnes is entitled to "hazardous duty pay" for each such day.

15.      Plaintiff Janice Bass is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Treatment Spec, GS-11, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Bass has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Bass is entitled to "hazardous duty pay" for each such day.

16.      Plaintiff Jeanette Bass is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Officer, GS-8, Step 7, at FCC Yazoo City. At various times within the last

six years, plaintiff Bass has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Bass is entitled to "hazardous duty pay" for each such day.

17.    Plaintiff Christina Bassett is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Officer, GS-7, Step 3, at FCC Yazoo City. At various times within the last six years, plaintiff Bassett has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Bassett is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Bassett worked in E-2, F-2, and Special Housing Units at FCC Yazoo City, including the Special Housing Unit designated quarantine area.  Plaintiff Bassett worked multiple overtime shifts, where she was further exposed to the novel corona virus. Plaintiff Bassett never received memos advising her of possible or actual exposure to the novel corona virus.

18.    Plaintiff Roderick Bateast, Sr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade Maintenance Fabric Work Supervisor, WS-7, Step 3, at FCC Yazoo City. At various times within the last six years, plaintiff Bateast has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Bateast is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Bateast worked in D-3, D-4 and Special Housing Unit at FCC Yazoo City, at various times throughout the pandemic D-3, D-4 and the Special Housing Unit were designated as quarantine areas. Plaintiff Bateast

worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Bateast did not receive any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Bateast contracted COVID-19.

19.      Plaintiff LaCora Beamon is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Sports Specialist, GS-9, Step 2, at FCC Yazoo City. At various times within the last six years, plaintiff Beamon has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Beamon is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Beamon worked in all housing units at FCC Yazoo City, including the designated quarantine areas.  Plaintiff Beamon received at least one memo advising her of possible or actual exposure to the novel corona virus, and plaintiff Beamon contracted COVID-19.

20.      Plaintiff Dedrick Beasley is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. he is currently employed as a General Schedule Accounting Technician, GS-7, Step 9, at FCC Yazoo City. At various times within the last six years, plaintiff Beasley has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Beasley is entitled to "hazardous duty pay" for each such day.

21.      Plaintiff Ricardo Benson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-7, Step 3, at FCC Yazoo City. At various times

within the last six years, plaintiff Benson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Benson is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Benson worked in the I-1, I-2, K-1, J-2, K-1, K-2 L-2, M-1, M-2, N-1, N-2 and Special Housing Unit at FCC Yazoo City, at various times throughout the pandemic I-1, I-2, and Special Housing Unit were designated quarantine areas. Plaintiff Benson worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Benson did not receive any memos advising him of possible or actual exposure to the novel corona virus.

22.      Plaintiff Jakel Berry is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 6, at FCC Yazoo City. At various times within the last six years, plaintiff Berry has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Berry is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Berry worked in the Special Housing Unit and Hospital at FCC Yazoo City, at various times throughout the pandemic the Special Housing Unit was designated as a quarantine area. Plaintiff Berry worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Berry did not receive any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Berry contracted COVID-19.

23.      Plaintiff Michael Black is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General

Schedule Senior Correctional Officer, GS-7, Step 3, at FCC Yazoo City. At various times within

the last six years, plaintiff Black has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below,

plaintiff Black is entitled to "hazardous duty pay" for each such day.

24.     Plaintiff Joseph Boddy is an employee of Defendant United States of America pursuant

to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade

Material Handler Supervisor, WS-4, Step 4, at FCC Yazoo City. At various times within the last

six years, plaintiff Boddy has been required to perform duties involving unusually severe

working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4),

and therefore, as detailed below, plaintiff Boddy is entitled to "environmental differential pay"

for each such day.

25.     Plaintiff Ursula Bolds is an employee of Defendant United States of America pursuant

to Title 5 of the United States Code and the FLSA. She is currently employed as a General

Schedule Special Investigative Services Technician, GS-8, Step 4, at FCC Yazoo City. At

various times within the last six years, plaintiff Bolds has been required to perform duties

involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and

therefore, as detailed below, plaintiff Bolds is entitled to "hazardous duty pay" for each such day.

26.     Plaintiff Jennifer Boone is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a

General Schedule Correctional Counselor, GS-9, Step 10, at FCC Yazoo City. At various times

within the last six years, plaintiff Boone has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as

detailed below, plaintiff Boone is entitled to "hazardous duty pay" for each such day. At all times

relevant herein, plaintiff Boone worked in all the housing units at FCC Yazoo City, including the I-1, I-2, and Special Housing Unit designated quarantine areas. Plaintiff Boone worked multiple overtime shifts, where she was further exposed to the novel corona virus. Plaintiff Boone never received memos advising her of possible or actual exposure to the novel corona virus.

27.      Plaintiff Keith Booth is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Drug Treatment Specialist, GS-11, Step 8, at FCC Yazoo City. At various times within the last six years, plaintiff Booth has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Booth is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Booth worked in the A-2 and Special Housing Unit at FCC Yazoo City, at various times throughout the pandemic the Special Housing Unit was designated quarantine areas. Plaintiff Booth worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Additionally, plaintiff Booth received at least one memo advising him of possible or actual exposure to the novel corona virus.

28.      Plaintiff Eddrick Boyd is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-7, Step 8, at FCC Yazoo City. At various times within the last six years, plaintiff Boyd has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Boyd is entitled to "hazardous duty pay" for each such day.

29.      Plaintiff Nicole Boyd is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General

Schedule Reentry Affairs Coordinator, GS-11, Step 8, at FCC Yazoo City. At various times within the last six years, plaintiff Boyd has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Boyd is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Boyd worked in the D1, D4, E1, E4, F1, F3 housing units at FCC Yazoo City, the D4 housing unit was designated quarantine housing unit. Plaintiff Boyd worked multiple overtime shifts, where she was further exposed to the novel corona virus. Additionally, plaintiff Boyd did not receive any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Boyd contracted COVID-19

30.    Plaintiff Percy Boyd is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Boyd has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Boyd is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Percy Boyd worked in D-1, D-4, E-1, E-3, E-4, F-1, F-3 at FCC Yazoo City, at various times throughout the pandemic D-4 was designated as a quarantine area. Plaintiff Percy Boyd worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Additionally, plaintiff Percy Boyd did not receive any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Percy Boyd contracted COVID-19.

31.    Plaintiff Catherine Brent is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a

General Schedule Correctional Systems Officer, GS-8, Step 7, at FCC Yazoo City. At various times within the last six years, plaintiff Brent has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Brent is entitled to "hazardous duty pay" for each such day.

32.     Plaintiff Michael Brent is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-7, Step 7, at FCC Yazoo City. At various times within the last six years, plaintiff Brent has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Brent is entitled to "hazardous duty pay" for each such day.

33.     Plaintiff Vanessa Brooks-Parker is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Medical Records Administrative Specialist, GS-9, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Brooks-Parker has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Brooks-Parker is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Brooks-Parker worked in all the housing units at FCC Yazoo City, including the I-1 and I-2 designated quarantine areas.  Plaintiff Brooks-Parker worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Brooks-Parker received memos advising her of possible or actual exposure to the novel corona virus.

34.     Plaintiff Albert Brown is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade

Powerhouse Operator, WS-8, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Brown has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Brown is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Albert Brown worked in the D-3, D-4, E-3, F-3, I-1, I-2 at FCC Yazoo City, at various times throughout the pandemic D-3, D-4, I-1, I-2 were designated quarantine areas. Plaintiff Albert Brown worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Additionally, plaintiff Albert Brown did not receive any memos advising him of possible or actual exposure to the novel corona virus.

35.    Plaintiff Charlotte Brown is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Educational Specialist, GS-11, Step 7, at FCC Yazoo City. At various times within the last six years, plaintiff Brown has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Brown is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Charlotte Brown worked in the J-1, J-2, K-1, K-2, L-2, M-1, M-2, N-1, N-2. Plaintiff Charlotte Brown worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Additionally, plaintiff Charlotte Brown received at least one memo advising her of possible or actual exposure to the novel corona virus.

36.    Plaintiff Gavin Brown is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General

Schedule Correctional Officer, GS-7, Step 6, at FCC Yazoo City. At various times within the last six years, plaintiff Brown has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Brown is entitled to "hazardous duty pay" for each such day.

37.     Plaintiff Jami Brown is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a Wage Grade Material Handler Supervisor, WS-4, Step 2, at FCC Yazoo City. At various times within the last six years, plaintiff Brown has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Brown is entitled to "environmental differential pay" for each such day.

38.     Plaintiff Latanya Brown is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Brown has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Brown is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Latanya Brown worked in Receiving and Discharge at FCC Yazoo City, including the D-3 unit that was designated quarantine unit. Plaintiff Latanya Brown worked multiple overtime shifts, where she was further exposed to the novel corona virus. Additionally, plaintiff Latanya Brown did receive at least one memo advising her of possible or actual exposure to the novel corona virus, and plaintiff Latanya Brown contracted COVID-19.

39.     Plaintiff Lykesha Brown is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Officer and Psychology technician, GS-7, Step 4, at FCC Yazoo City. At various times within the last six years, plaintiff Brown has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Brown is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff L. Brown worked in all the Low housing units including the Special Housing Unit at FCC Yazoo City, at various times throughout the pandemic the Low housing units were designated quarantine areas. Plaintiff Brown worked multiple overtime shifts, where she was further exposed to the novel corona virus. Additionally, plaintiff L. Brown did not receive any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Brown contracted COVID-19

40.     Plaintiff Mattrisa Brown is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Drug Treatment Specialist, GS-7, Step 6, at FCC Yazoo City. At various times within the last six years, plaintiff Brown has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Brown is entitled to "hazardous duty pay" for each such day.

41.     Plaintiff Michael Brown, Sr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade Utility System Repair Operator, WS-8, Step 6, at FCC Yazoo City. At various times within the last six years, plaintiff Brown, Sr. has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C.

§ 5343(c)(4), and therefore, as detailed below, plaintiff Brown, Sr. is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Michael Brown Sr. worked in the Power House at FCC Yazoo City. Plaintiff Michael Brown Sr. worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Additionally, plaintiff Michael Brown Sr. received at least one memo advising him of possible or actual exposure to the novel corona virus.

42.     Plaintiff Stacy Brown is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade Material Handler Supervisor, WS-4, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Brown has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Brown is entitled to "environmental differential pay" for each such day.

43.     Plaintiff Tiffany Brown is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Education Specialist, GS-11, Step 7, at FCC Yazoo City. At various times within the last six years, plaintiff Brown has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Brown is entitled to "hazardous duty pay" for each such day.

44.     Plaintiff Victoria Brown is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Treatment Specialist, GS-7, Step 4, at FCC Yazoo City. At various times within the last six years, plaintiff Brown has been required to perform duties

involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Brown is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff V. Brown worked in all the Low housing units including the Special Housing Unit at FCC Yazoo City, at various times throughout the pandemic the Low housing units were designated quarantine areas. Plaintiff V. Brown worked multiple overtime shifts, where she was further exposed to the novel corona virus. Additionally, plaintiff Brown did not receive any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Brown contracted COVID-19

45.     Plaintiff William Brown is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Brown has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Brown is entitled to "hazardous duty pay" for each such day.

46.     Plaintiff Brandon Bryant is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade Warehouse Worker Foreman, WS-3, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Bryant has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Bryant is entitled to "environmental differential pay" for each such day.

47.     Plaintiff Jarome Buchanan is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a

General Schedule Senior Officer Specialist, GS-8, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Buchanan has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Buchanan is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Buchanan worked in A-1, A-2, A-3, A-4, B-1, B-2, B-3, B-4, C-1, C-2, C-3, C-4 I-1, I-2 at FCC Yazoo City, at various times throughout the pandemic A-1, A-2, A-3, A-4, B-1, B-2, B-3, B-4, C-1, C-2, C-3, C-4 I-1, I-2 were designated quarantine areas. Plaintiff Buchanan worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Additionally, plaintiff Buchanan received at least one memo advising him of possible or actual exposure to the novel corona virus.

48.    Plaintiff Corey Bullock is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-7, Step 4, at FCC Yazoo City. At various times within the last six years, plaintiff Bullock has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Bullock is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Bullock worked in A-1, A-2, A-3, A-4, B-1, B-2, B-3, B-4 and the Special Housing Unit at FCC Yazoo City, at various times throughout the pandemic A-1, A-2, A-3, A-4, B-1, B-2, B-3, B-4 and the Special Housing Unit were designated quarantine units. Plaintiff Bullock worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Additionally, plaintiff Bullock did not receive any memos advising him of possible or actual exposure to the novel corona virus.

49.     Plaintiff Lisa Bullock-Williams is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a Wage Grade Factory Worker Supervisor, WS-7, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Bullock-Williams has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Bullock-Williams is entitled to "environmental differential pay" for each such day.

50.     Plaintiff Carmelita Bunzy-Pullum is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Case Manager, GS-11, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Bunzy-Pullum has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Bunzy-Pullum is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Bunzy-Pullum worked in L-1, L-2, K-1, and K-2 housing units at FCC Yazoo City, including the I-1 and I-2 designated quarantine areas.  Plaintiff Bunzy-Pullum worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Bunzy-Pullum received memos advising her of possible or actual exposure to the novel corona virus.

51.     Plaintiff Jamontay Calhoun is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Safety Specialist, GS-9, Step 6, at FCC Yazoo City. At various times within the last six years, plaintiff Calhoun has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as

detailed below, plaintiff Calhoun is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Calhoun worked in multiple housing units at FCC Yazoo City, at various times many of them were deemed quarantine areas. Plaintiff Calhoun worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Additionally, plaintiff Calhoun never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Calhoun contracted COVID-19.

52.      Plaintiff Tracy Campbell is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Case Manager, GS-11, Step 8, at FCC Yazoo City. At various times within the last six years, plaintiff Campbell has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Campbell is entitled to "hazardous duty pay" for each such day.

53.      Plaintiff Allison Carson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a Wage Grade Material Handler Supervisor, WS-4, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Carson has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Carson is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Carson worked in the I-1, I-2, Charlie I-4, Alpha I-4 and Special Housing Units at FCC Yazoo City, all of which were designated quarantine areas. Plaintiff Carson worked multiple overtime shifts, where she was further exposed to the novel corona virus. Additionally, plaintiff Carson did not receive any

memos advising her of possible or actual exposure to the novel corona virus, plaintiff Carson contracted COVID-19.

54.     Plaintiff Joanna Carter is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 7, at FCC Yazoo City. At various times within the last six years, plaintiff Carter has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Carter is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Carter worked in the Bravo, Charlie Units and the Camp at FCC Yazoo City of which the Bravo and Charlie units were designated quarantine areas. Plaintiff Carter worked multiple overtime shifts during the pandemic further exposing her to the novel corona virus. Additionally, plaintiff Carter did not receive any memos advising her of possible or actual exposure to the novel corona virus.

55.     Plaintiff Katina Carter is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Carter has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Carter is entitled to "environmental differential pay" for each such day.

56.     Plaintiff Marlon Casey is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 8, at FCC Yazoo City. At various times within

the last six years, plaintiff Casey has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Casey is entitled to "hazardous duty pay" for each such day.

57.    Plaintiff Johnese Clark is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Unit Secretary, GS-6, Step 8, at FCC Yazoo City. At various times within the last six years, plaintiff Clark has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Clark is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Clark worked in the F-1, F-2, F-3, F-4 and D-4 housing units at FCC Yazoo City the D-4 unit was designated a quarantine area. Plaintiff Clark worked multiple overtime shifts during the pandemic further exposing him to the novel corona virus. Plaintiff Clark received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Clark contracted COVID-19.

58.    Plaintiff Sederick Clark is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-7, Step 3, at FCC Yazoo City. At various times within the last six years, plaintiff Clark has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Clark is entitled to "hazardous duty pay" for each such day.

59.    Plaintiff Tawanda Clay-Mills is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Education Specialist GS-11, Step 5, at FCC Yazoo City. At various times

within the last six years, plaintiff Clay-Mills has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Clay-Mills is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Clay-Mills worked in A-1, A-2, A-3, A-4, B-1, B-2, B-3, and B-4 housing units at FCC Yazoo City, including the -1, A-2, A-3, A-4, B-1, B-2, B-3, and B-4 designated quarantine areas.  Plaintiff Clay-Mills worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Clay-Mills never received memos advising her of possible or actual exposure to the novel corona virus.

60.     Plaintiff Jerald Cole is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Special Investigative Services Technician, GS-8, Step 9, at FCC Yazoo City. At various times within the last six years, plaintiff Cole has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Cole is entitled to "hazardous duty pay" for each such day.

61.     Plaintiff Aaron Coleman is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade Powerhouse operator, WS-8, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Coleman has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Coleman is entitled to "environmental differential pay" for each such day.

62.     Plaintiff DeJovon Coleman is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a

General Schedule Senior Correctional Officer, GS-7, Step 15, at FCC Yazoo City. At various times within the last six years, plaintiff Coleman has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Coleman is entitled to "hazardous duty pay" for each such day.

63.     Plaintiff Houston Coleman is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Vocational Training Instructor, GS-11, Step 9, at FCC Yazoo City. At various times within the last six years, plaintiff Coleman has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Coleman is entitled to "hazardous duty pay" for each such day.

64.     Plaintiff Jeff Coleman is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade Electrical Worker Foreman, WS-9, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Coleman has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Coleman is entitled to "environmental differential pay" for each such day.

65.     Plaintiff Courtney Collins is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Collins has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Collins is entitled to "hazardous duty pay" for each such day. At all

times relevant herein, plaintiff Collins worked the rear gate at FCC Yazoo City. Plaintiff Collins never received any memos advising her of any possible or actual exposure to the novel corona virus.

66.    Plaintiff Lonnie Conley is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Senior Officer Specialist, GS-8, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Conley has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Conley is entitled to "hazardous duty pay" for each such day.

67.    Plaintiff David Conston is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 9, at FCC Yazoo City. At various times within the last six years, plaintiff Conston has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Conston is entitled to "hazardous duty pay" for each such day.

68.    Plaintiff Clema Cooper is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Officer, GS-8, Step 8, at FCC Yazoo City. At various times within the last six years, plaintiff Cooper has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Cooper is entitled to "hazardous duty pay" for each such day.

69.    Plaintiff Robert Cooper is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a

General Schedule IT Specialist, GS-11, Step 3, at FCC Yazoo City. Prior to July of 2020, plaintiff Cooper was employed as a General Schedule Correctional Officer, GS-7, Step 5, at FCC Yazoo City City.  At various times within the last six years, plaintiff Cooper has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Cooper is entitled to "hazardous duty pay" for each such day.

70.      Plaintiff Artvitta Courtney is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Treatment Specialist, GS-11, Step 1, at FCC Yazoo City. At various times within the last six years, plaintiff Courtney has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Courtney is entitled to "hazardous duty pay" for each such day.

71.      Plaintiff Elgin Cox is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-8, Step 7, at FCC Yazoo City. At various times within the last six years, plaintiff Cox has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Cox is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Cox worked in I-1, I-2, J-1, J-2, K-1, K-2, L-1, L-2, M-1, M-2, N-1, N-2 at FCC Yazoo City Plaintiff Cox worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus. Additionally, plaintiff Cox received at least one memo

advising him of possible or actual exposure to the novel corona virus, and plaintiff Cox contracted COVID-19.

72.     Plaintiff Desmond Crockett is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCC Yazoo City. At various times within the last six years, plaintiff Crockett has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Crockett is entitled to "hazardous duty pay" for each such day.

73.     Plaintiff Willie Cross is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade Powerhouse operator, WS-8, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Cross has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Cross is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Cross worked in the A-2, A-3, A-4, B-2, B-4 and the Power House at FCC Yazoo City all of which were designated quarantine areas. Plaintiff Cross worked multiple overtime shifts further exposing him to the novel corona virus. Additionally, plaintiff Cross did not receive any memos advising him of possible or actual exposure to the novel corona virus.

74.     Plaintiff Brandon Crowder is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 9, at FCC Yazoo City. At various times within the last six years, plaintiff Crowder has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Crowder is entitled to "hazardous duty pay" for each such day.

75.     Plaintiff Libri Crowder is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Case Manager, GS-9, Step 2, at FCC Yazoo City. At various times within the last six years, plaintiff Crowder has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Crowder is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Crowder worked in all the housing units at FCC Yazoo City the D-3, D-4, Special Housing Unit, and E-2 units were designated quarantine areas. Plaintiff Crowder worked multiple overtime shifts during the pandemic where she was further exposed to the novel corona virus. Plaintiff Crowder received at least one memo advising her of possible or actual exposure to the novel corona virus, and plaintiff Crowder contracted COVID-19.

76.     Plaintiff Byron Cummings is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-7, Step 4, at FCC Yazoo City. At various times within the last six years, plaintiff Cummings has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Cummings is entitled to "hazardous duty pay" for each such day.

77.     Plaintiff Demarcus Curtis is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 6, at FCC Yazoo City. At various times within the last six years, plaintiff Curtis has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Curtis is entitled to "hazardous duty pay" for each such day.

78.     Plaintiff Khory Darby is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Darby has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Darby is entitled to "hazardous duty pay" for each such day.

79.     Plaintiff Akia Davis is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCC Yazoo City. At various times within the last six years, plaintiff Davis has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Davis is entitled to "hazardous duty pay" for each such day.

80.     Plaintiff Anthony Davis is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Special Investigative Services Technician, GS-8, Step 7, at FCC Yazoo City. At various times within the last six years, plaintiff Davis has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Davis is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Anthony Williams worked in Echo housing unit at FCC Yazoo City, including the designated quarantine areas.  Plaintiff Anthony Williams worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff

Anthony Williams received memos advising him of possible or actual exposure to the novel corona virus.

81.     Plaintiff Barbara Davis is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Davis has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Davis is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Barbara Davis worked in J-A, J-B, K-A, K-B, L-A, L-B, M-A, M-B, N-A, N-B, and Special Housing Units at FCC Yazoo City, including the Special Housing Unit designated quarantine area.  Plaintiff Barbara Davis worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Barbara Davis received memos advising her of possible or actual exposure to the novel corona virus.

82.     Plaintiff Michael Davis is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-7, Step 4, at FCC Yazoo City. At various times within the last six years, plaintiff Davis has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Davis is entitled to "hazardous duty pay" for each such day.

83.     Plaintiff Triniqua Davis is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Officer, GS-7, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Davis has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Davis is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff T. Davis worked in the Special Housing Unit at FCC Yazoo city which was designated a quarantine area. Plaintiff T. Davis worked multiple overtime shifts during the pandemic further exposing her to the novel corona virus. Additionally, plaintiff T. Davis did not receive any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff T. Davis contracted COVID-19.

84.     Plaintiff James Dean is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Communications technician, GS-10, Step 1, at FCC Yazoo City. At various times within the last six years, plaintiff Dean has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Dean is entitled to "hazardous duty pay" for each such day.

85.     Plaintiff Reginald Dean is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Special Investigative Services Technician, GS-8, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Dean has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Dean is entitled to "hazardous duty pay" for each such day.

86.     Plaintiff Kenyatta Dent is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Treatment Specialist GS-11, Step 7, at FCC Yazoo City. At various times within the last six years, plaintiff Dent has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Dent is entitled to "hazardous duty pay" for each such day.

87.     Plaintiff Phenician Dent is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Budget Analyst, GS-9, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Dent has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Dent is entitled to "hazardous duty pay" for each such day.

88.     Plaintiff Curtis Dixon, Jr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade Material Handler Supervisor, WS-3, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Dixon, Jr. has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Dixon, Jr. is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Curtis Dixon worked as a Material Handler in the Special Housing Unit at FCC Yazoo City, at various times throughout the pandemic the Special Housing Unit was designated a quarantine area. Plaintiff Curtis Dixon worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Additionally, plaintiff Curtis Dixon received at least one memo advising him of possible or actual exposure to the novel corona virus.

89.     Plaintiff Serena Dixon is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Recreation Specialist, GS-9, Step 7, at FCC Yazoo City. At various times within the

last six years, plaintiff Dixon has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Dixon is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Serena Dixon worked in the M-1, M-2, N-1, N-2, L-2 housing units at FCC Yazoo City, at various times throughout the pandemic the USP housing units were designated quarantine areas. Plaintiff Serena Dixon worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Additionally, plaintiff Serena Dixon received at least one memo advising her of possible or actual exposure to the novel corona virus.

90.     Plaintiff Kenneth Domino is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-8, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Domino has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Domino is entitled to "hazardous duty pay" for each such day.

91.     Plaintiff Gregory Dortch is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-8, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Dortch has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Dortch is entitled to "hazardous duty pay" for each such day.

92.     Plaintiff Tekevia Douglas is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a

General Schedule Correctional Officer, GS-5, Step 1, at FCC Yazoo City. At various times within the last six years, plaintiff Douglas has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Douglas is entitled to "hazardous duty pay" for each such day.

93.     Plaintiff Roy Drummond is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Counselor, GS-9, Step 9, at FCC Yazoo City. At various times within the last six years, plaintiff Drummond has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Drummond is entitled to "hazardous duty pay" for each such day.

94.     Plaintiff Matthew Dunlap is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-8, Step 8, at FCC Yazoo City. At various times within the last six years, plaintiff Dunlap has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Dunlap is entitled to "hazardous duty pay" for each such day.

95.     Plaintiff Terrance Edwards is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCC Yazoo City. At various times within the last six years, plaintiff Edwards has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Edwards is entitled to "hazardous duty pay" for each such day.

96.     Plaintiff O'Shauna Elery is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Education Specialist, GS-11, Step 3, at FCC Yazoo City. At various times within the last six years, plaintiff Elery has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Elery is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Elery worked in the Apha, Bravo, Charlie, Commissary and Food and Services units at FCC Yazoo City, the A-4, B-1, C-2, and C-4 units were designated quarantine units. Plaintiff Elery worked multiple overtime shifts during the pandemic further exposing her to the novel corona virus. Plaintiff Elery received at least one memo advising her of possible or actual exposure to the novel corona virus, and plaintiff Elery contracted COVID-19.

97.     Plaintiff Pamelisha Ellis is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCC Yazoo City. At various times within the last six years, plaintiff Ellis has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Ellis is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Ellis worked in the Echo, Alpha, Delta 3, and Delta 4 hosing units at FCC Yazoo City, the Delta 3 and Delta 4 units were designated quarantine areas. Plaintiff Ellis worked multiple overtime shifts during the pandemic further exposing her to the novel corona virus. Plaintiff Ellis received at least one memo advising her of possible or actual exposure to the novel corona virus, and plaintiff Ellis contracted COVID-19.

98.     Plaintiff Marquee Evans is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 3, at FCC Yazoo City. At various times within the last six years, plaintiff Evans has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Evans is entitled to "environmental differential pay" for each such day. At all times relevant herein, Plaintiff M. Evans worked in the D-3, D-4, I-1, I-2 and Special Housing Units at FCC Yazoo City all of which were designated quarantine areas. Plaintiff M. Evan worked multiple overtime shifts during the pandemic further exposing him to the novel corona virus. Plaintiff M. Evans received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff M. Evans contracted COVID-19.

99.     Plaintiff Sonny Evans is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Safety Specialist, GS-9, Step 3, at FCC Yazoo City. At various times within the last six years, plaintiff Evans has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Evans is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Evans worked in all housing units at FCC Yazoo City of which the I-1, I-2 units were designated quarantine areas. Plaintiff Evans worked multiple overtime shifts during the pandemic further exposing him to the novel corona virus. Plaintiff Evans received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Evans contracted COVID-19.

100.     Plaintiff Rachel Fieber is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Accountant, GS-9, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Fieber has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Fieber is entitled to "hazardous duty pay" for each such day.

101.     Plaintiff Richard Finney, III is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 6, at FCC Yazoo City. At various times within the last six years, plaintiff Finney has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Finney is entitled to "hazardous duty pay" for each such day.

102.     Plaintiff Terrance Fleming is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-7, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Fleming has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Fleming is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Fleming worked in I-1, I-2, J-2, K-1, K-2, L-1, L-2, M-1, M-2, N-1, N-2, and Special Housing Units at FCC Yazoo City, including the I-1, I-2, and Special Housing Unit designated quarantine areas.  Plaintiff Fleming worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Fleming never received memos advising him of possible or actual exposure to the novel corona virus.

103.    Plaintiff Rhonda Ford is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Officer, GS-7, Step 7, at FCC Yazoo City. At various times within the last six years, plaintiff Ford has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Ford is entitled to "hazardous duty pay" for each such day.

104.    Plaintiff Frances Foster is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Teacher, GS-11, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Foster has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Foster is entitled to "hazardous duty pay" for each such day.

105.    Plaintiff Jayson Foster is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Supervisory Correctional Systems Specialist, GS-11, Step 6, at FCC Yazoo City. At various times within the last six years, plaintiff Foster has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Foster is entitled to "hazardous duty pay" for each such day.

106.    Plaintiff Raymond Foster, Jr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Vocational Training Instructor, GS-11, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Foster has been required to perform duties

involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Foster is entitled to "hazardous duty pay" for each such day.

107.     Plaintiff Cherry Fox is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 6, at FCC Yazoo City. At various times within the last six years, plaintiff Fox has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Fox is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Cherry Fox worked in the D-1, D-2, D-3, D-4, E-1, E-2, E-3, E-4, F-1, F-2, F-3, F-4 units at FCC Yazoo City, at various times throughout the pandemic D-3, D-4, C-3 and the Special Housing Units were designated quarantine areas. Plaintiff Cherry Fox worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus. Additionally, plaintiff Cherry Fox never received any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Cherry Fox contracted COVID-19.

108.     Plaintiff Jannella Fox is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Food Service Assistant, GS-7, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Fox has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Fox is entitled to "hazardous duty pay" for each such day.

109.    Plaintiff Robert Fox is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-7, Step 9, at FCC Yazoo City. At various times within the last six years, plaintiff Fox has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Fox is entitled to "hazardous duty pay" for each such day.

110.    Plaintiff Crama Franklin, Jr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Lieutenant, GS-11, Step 6, at FCC Yazoo City. At various times within the last six years, plaintiff Franklin has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Franklin is entitled to "hazardous duty pay" for each such day.

111.    Plaintiff Latasha Fuller is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a Wage Grade Material Handler Supervisor, WS-4, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Fuller has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Fuller is entitled to "environmental differential pay" for each such day.

112.    Plaintiff Jeremy Fuqua is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Fuqua has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Fuqua is entitled to "hazardous duty pay" for each such day.

113.     Plaintiff Robert Gainwell, III is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Gainwell has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Gainwell is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Gainwell worked in the Alpha, Bravo, Charlie, Delta, Foxtrot Units and the Camp at FCC Yazoo City of which several were designated quarantine areas throughout the pandemic. Plaintiff Gainwell worked multiple overtime shifts during the pandemic further exposing him to the novel corona virus. Additionally, plaintiff Gainwell did not receive any memos advising him of possible or actual exposure to the novel corona virus and, plaintiff Gainwell contracted COVID-19.

114.     Plaintiff Veronica Galtney is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Case Manager, GS-7, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Galtney has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Galtney is entitled to "hazardous duty pay" for each such day.

115.     Plaintiff Kamarcus Gardner is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCC Yazoo City. At various times

within the last six years, plaintiff Gardner has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Gardner is entitled to "hazardous duty pay" for each such day.

116.    Plaintiff Charles Garrett, Jr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule IT Specialist, GS-11, Step 7, at FCC Yazoo City. At various times within the last six years, plaintiff Garrett has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Garrett is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Garrett worked in the J-2, I-1, and Special Housing Units at FCC Yazoo City, along with Medical Observation.  The I-1 and SHU were designated quarantine areas.  Plaintiff Garrett worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Garrett received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Garrett contracted COVID-19.

117.    Plaintiff Jessica Garrison is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Recreation Specialist, GS-9, Step 2, at FCC Yazoo City. At various times within the last six years, plaintiff Garrison has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Garrison is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Garrison worked in the I-1, I-2, J-1, J-2, L-1, M-1, M-2, and N-2 housing units at FCC Yazoo City, including the I-1 and I-2 designated quarantine areas.  Plaintiff

Garrison worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Garrison never received memos advising her of possible or actual exposure to the novel corona virus.

118.     Plaintiff Deoqua Gates is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Senior Officer Specialist, GS-7, Step 6, at FCC Yazoo City. At various times within the last six years, plaintiff Gates has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Gates is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Deoqua Gates worked in the Compound and Special Housing Units at FCC Yazoo City, including the Special Housing Unit designated quarantine area.  Plaintiff Deoqua Gates worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Deoqua Gates never received memos advising her of possible or actual exposure to the novel corona virus.

119.     Plaintiff Toshebia Gates is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 4, at FCC Yazoo City. At various times within the last six years, plaintiff Gates has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Gates is entitled to "hazardous duty pay" for each such day

120.     Plaintiff Jerry Geter, Jr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 5, at FCC Yazoo City. At various

times within the last six years, plaintiff Geter has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Geter is entitled to "hazardous duty pay" for each such day.

121.    Plaintiff Andrea Gibson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Counselor, GS-9, Step 7, at FCC Yazoo City. At various times within the last six years, plaintiff Gibson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Gibson is entitled to "hazardous duty pay" for each such day.

122.    Plaintiff Cassandra Gilstrap is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Officer, GS-11, Step 8, at FCC Yazoo City. At various times within the last six years, plaintiff Gilstrap has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Gilstrap is entitled to "hazardous duty pay" for each such day.

123.    Plaintiff Ashley Gladness is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Officer, GS-7, Step 4, at FCC Yazoo City. At various times within the last six years, plaintiff Gladness has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Gladness is entitled to "hazardous duty pay" for each such day.

124.    Plaintiff Marqueis Gladness is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage

Grade Cook Supervisor, WS-8, Step 4, at FCC Yazoo City. At various times within the last six years, plaintiff Gladness has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Gladness is entitled to "environmental differential pay" for each such day.

125.    Plaintiff Deonna Glass is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Officer, GS-7, Step 3, at FCC Yazoo City. At various times within the last six years, plaintiff Glass has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Glass is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Glass worked in multiple housing units at FCC Yazoo City, at various times throughout the pandemic the Special Housing Units and B-1, B-2 at the Low were designated quarantine areas. Plaintiff Glass worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus. Additionally, plaintiff Glass did not receive any memos advising her of possible or actual exposure to the novel corona virus.

126.    Plaintiff Brandia Gooden is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Gooden has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Gooden is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Gooden worked in all the housing units at FCC Yazoo City,

including the D-3, D-4, and Special Housing Unit designated quarantine areas.  Plaintiff Gooden worked multiple overtime shifts, where she was further exposed to the novel corona virus. Plaintiff Gooden never received memos advising her of possible or actual exposure to the novel corona virus.

127.    Plaintiff Kecha Goston is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Contract Specialist, GS-11, Step 9, at FCC Yazoo City. At various times within the last six years, plaintiff Goston has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Goston is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Goston worked in E-2, E-4, Visitation, Control Room, Front Lobby Officer and Mobile patrol at FCC Yazoo City. Plaintiff Goston did not receive any memos advising her of possible or actual exposure to the novel corona virus and, plaintiff Goston contracted COVID-19.

128.    Plaintiff Justin Gower is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-7, Step 2, at FCC Yazoo City. At various times within the last six years, plaintiff Gower has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Gower is entitled to "hazardous duty pay" for each such day.

129.    Plaintiff Marcus Gower is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade Cook Foreman, WS-8, Step 5, at FCC Yazoo City. At various times within the last six

years, plaintiff Gower has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Gower is entitled to "environmental differential pay" for each such day.

130.    Plaintiff Gregory Granger is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-8, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Granger has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Granger is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Granger worked in I-2 and Special Housing Unit at FCC Yazoo City, at various times throughout the pandemic both were designated quarantine units. Plaintiff Granger worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Additionally, plaintiff Granger did not receive any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Granger contracted COVID-19.

131.    Plaintiff Carl Grant is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-8, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Grant has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Grant is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Grant worked in the Mobile Truck and Control Room at FCC Yazoo City. Plaintiff Grant worked

multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Grant never received memos advising him of possible or actual exposure to the novel corona virus.

132.    Plaintiff Rashunda Graves is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Recreation Specialist, GS-9, Step 6, at FCC Yazoo City. At various times within the last six years, plaintiff Graves has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Graves is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Graves worked in all housing units at FCC Yazoo City, at various times throughout the pandemic various housing units were designated quarantine areas. Plaintiff Graves worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus. Additionally, plaintiff Graves did not receive any memos advising her of possible or actual exposure to the novel corona virus.

133.    Plaintiff Audrey Green is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Officer, GS-8, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Green has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Green is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Audrey Green worked in the I-1, I-2, Special Housing Unit, J-2, Compound 2, Control 2 at FCC Yazoo City of which I-1, I-2 and the Special Housing Unit were designated quarantine areas. Plaintiff Audrey Green worked multiple overtime shifts during the pandemic further exposing her to the novel corona virus. Plaintiff Audrey Green received at least one memo

advising her of possible or actual exposure to the novel corona virus, and plaintiff Green contracted COVID-19.

134.    Plaintiff David Green is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 2, at FCC Yazoo City. At various times within the last six years, plaintiff Green has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Green is entitled to "environmental differential pay" for each such day.

135.    Plaintiff Paul Griffin, Jr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-7, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Griffin, Jr. has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Griffin, Jr. is entitled to "hazardous duty pay" for each such day.

136.    Plaintiff Barry Gunn is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule UNICOR Factory Manager, GS-12, Step 1, at FCC Yazoo City. At various times within the last six years, plaintiff Gunn has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Gunn is entitled to "hazardous duty pay" for each such day

137.    Plaintiff Cynthia Hall is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General

Schedule Health Information Technician, GS-7, Step 8, at FCC Yazoo City. At various times within the last six years, plaintiff Hall has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hall is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Hall worked in all the housing units at FCC Yazoo City, including the Medium and Low designated quarantine areas. Plaintiff Hall worked multiple overtime shifts, where she was further exposed to the novel corona virus. Plaintiff Hall never received memos advising her of possible or actual exposure to the novel corona virus.

138.    Plaintiff Aaron Handy is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Handy has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Handy is entitled to "hazardous duty pay" for each such day.

139.    Plaintiff Malcolm Handy, Jr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade Cook Foreman, WS-8, Step 3, at FCC Yazoo City. At various times within the last six years, plaintiff Handy, Jr. has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Handy, Jr. is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Malcolm Handy, Jr. worked in the Food Service unit at FCC Yazoo City, including the various posts designated quarantine areas. Plaintiff Malcolm Handy, Jr. worked multiple overtime shifts, where he was further exposed to

the novel corona virus. Plaintiff Malcolm Handy, Jr. never received memos advising him of possible or actual exposure to the novel corona virus.

140.    Plaintiff Ashley Harber is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Unit Secretary, GS-5, Step 6, at FCC Yazoo City. At various times within the last six years, plaintiff Harber has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Harber is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Harber worked in the Alpha, Bravo, Charlie, and Special Housing Units at FCC Yazoo City, including all the Low designated quarantine areas. Plaintiff Harber worked multiple overtime shifts, where she was further exposed to the novel corona virus. Plaintiff Harber never received memos advising her of possible or actual exposure to the novel corona virus.

141.    Plaintiff Michael Hardy is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade Utilities System Repair Operator Specialist, WS-8, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Hardy, Jr. has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Hardy, Jr. is entitled to "environmental differential pay" for each such day.

142.    Plaintiff Reggie Harkey is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule SIS Technician, GS-8, Step 7, at FCC Yazoo City. At various times within the last six years, plaintiff Harkey has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Harkey is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Harkey worked in D-3, D-4, I-1, I-2 and Special Housing Unit at FCC Yazoo City, at various times throughout the pandemic D-3, D-4, I-1, I-2 and Special Housing Unit were designated quarantine areas. Plaintiff Harkey worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Additionally, plaintiff Harkey received at least one memo advising him of possible or actual exposure to the novel corona virus.

143.    Plaintiff LaQuita Harper is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule T&A Clerk, GS-5, Step 2, at FCC Yazoo City. At various times within the last six years, plaintiff Harper has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Harper is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Harper worked in the Delta, Echo, Fox, and Special Housing Units at FCC Yazoo City, of which D-3, D-4 and Special Housing Units were designated quarantine areas. Plaintiff Harper worked multiple overtime shifts during the pandemic further exposing her to the novel corona virus. Plaintiff Harper received at least one memo advising her of possible or actual exposure to the novel corona virus, and plaintiff Harper contracted COVID-19.

144.    Plaintiff Reginald Harper is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Harper has been required to perform duties involving

unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Harper is entitled to "hazardous duty pay" for each such day.

145.    Plaintiff Casey Harris is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Medication Technician, GS-6, Step 6, at FCC Yazoo City. At various times within the last six years, plaintiff Harris has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Harris is entitled to "hazardous duty pay" for each such day.

146.    Plaintiff Charlotte Harrison is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Facilities Assistant, GS-7, Step 7, at FCC Yazoo City. At various times within the last six years, plaintiff Harrison has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Harrison is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Charlotte Harrison worked in the Low housing units at FCC Yazoo City, including several Low units and the Special Housing Units designated quarantine areas.  Plaintiff Charlotte Harrison worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Charlotte Harrison received memos advising her of possible or actual exposure to the novel corona virus.

147.    Plaintiff Delpeny Harrison is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Officer, GS-8, Step 6, at FCC Yazoo City. At various times within the last six years, plaintiff Harrison has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Harrison is entitled to "hazardous duty pay" for each such day.

148.    Plaintiff Jason Hathorn is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-7, Step 6, at FCC Yazoo City. At various times within the last six years, plaintiff Hathorn has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hathorn is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Hathorn worked in all the housing units at FCC Yazoo city, at various times throughout the pandemic I-1, I-2 and the Special Housing Units were designated quarantine areas. Plaintiff Hathorn worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Additionally, plaintiff Hathorn did not receive any memos advising him of possible or actual exposure to the novel corona virus.

149.    Plaintiff Angela Hawkins is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 9, at FCC Yazoo City. At various times within the last six years, plaintiff Hawkins has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hawkins is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Angela Hawkins worked in the A-3, B-3, M-1, and N-1 housing units at FCC Yazoo City, including the A-3 and B-3 designated quarantine areas.  Plaintiff Angela Hawkins worked multiple overtime shifts, where she was further exposed to the novel

corona virus.  Plaintiff Angela Hawkins received memos advising her of possible or actual exposure to the novel corona virus.

150.    Plaintiff Terence Hawkins is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Lieutenant, GS-11, Step 9, at FCC Yazoo City. At various times within the last six years, plaintiff Hawkins has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hawkins is entitled to "hazardous duty pay" for each such day.

151.    Plaintiff Valencia Hawkins is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Treatment Specialist and Case Manager, GS-11, Step 8, at FCC Yazoo City. At various times within the last six years, plaintiff Hawkins has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hawkins is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Valencia Hawkins worked in the Charlie housing unit at FCC Yazoo City, including the Charlie unit and other designated quarantine areas.  Plaintiff Valencia Hawkins worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Valencia Hawkins received memos advising her of possible or actual exposure to the novel corona virus.

152.    Plaintiff JaDarius Haymer is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCC Yazoo City. At various times within the last six years, plaintiff Haymer has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Haymer is entitled to "hazardous duty pay" for each such day.

153.    Plaintiff Barbara Haywood is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCC Yazoo City. At various times within the last six years, plaintiff Haywood has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Haywood is entitled to "hazardous duty pay" for each such day.

154.    Plaintiff Donna Hearns is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Senior Officer Specialist, GS-8, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Hearns has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hearns is entitled to "hazardous duty pay" for each such day.

155.    Plaintiff Eddie Hearns is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Hearns has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hearns is entitled to "hazardous duty pay" for each such day.

156.    Plaintiff Edward Heidel is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade General Foreman, WS-14, Step 4, at FCC Yazoo City. At various times within the last six

years, plaintiff Heidel has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Heidel is entitled to "environmental differential pay" for each such day.

157.    Plaintiff Monica Heidel is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Human Resource Specialist, GS-9, Step 9, at FCC Yazoo City. At various times within the last six years, plaintiff Heidel has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Heidel is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Monica Heidel worked in the Charlie Unit at FCC Yazoo City, at various times throughout the pandemic the Charlie unit was designated a quarantine area. Additionally, plaintiff Monica Heidel did not receive any memo advising her of possible or actual exposure to the novel corona virus, and plaintiff Monica Heidel contracted COVID-19.

158.    Plaintiff Lovenso Henderson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Educational Specialist, GS-11, Step 7, at FCC Yazoo City. At various times within the last six years, plaintiff Henderson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Henderson is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Lovenso Henderson worked in the D-3, D-4, K-1, K-2, J-1, J-2, N-1, L-2 and Special Housing Unit at FCC Yazoo City, at various times throughout the pandemic D-3, D-4, and the Special Housing Unit were designated quarantine areas. Plaintiff

Lovenso Henderson worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Additionally, plaintiff Lovenso Henderson did not receive and memos advising him of possible or actual exposure to the novel corona virus.

159.     Plaintiff Terrence Henderson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Counselor, GS-9, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Henderson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Henderson is entitled to "hazardous duty pay" for each such day.

160.     Plaintiff Julian Henry is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Systems Officer Specialist GS-8, Step 7, at FCC Yazoo City. At various times within the last six years, plaintiff Henry has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Henry is entitled to "hazardous duty pay" for each such day.

161.     Plaintiff Travis Herrington is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer GS-6, Step 2, at FCC Yazoo City. At various times within the last six years, plaintiff Herrington has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Herrington is entitled to "hazardous duty pay" for each such day.

162.     Plaintiff Chadisty Hickman is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a

General Schedule Senior Correctional Officer GS-7, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Hickman has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hickman is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Hickman worked in the D-1, D-2, D-3, D-4, F-4, Compound 1 and 2, E-3, and Special Housing Unit at FCC Yazoo City, at various times throughout the pandemic the D-3, D-4, and Special Housing Unit were designated quarantine areas. Plaintiff Hickman worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus. Additionally, plaintiff Hickman did not receive any memos advising her of possible or actual exposure to the novel corona virus.

163.    Plaintiff Craig Holmes is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade Cook Foreman, WS-8, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Holmes has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Holmes is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Craig Holmes worked in the Delta housing units at FCC Yazoo City, including the D-4 and Low designated quarantine areas.  Plaintiff Craig Holmes worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Craig Holmes received memos advising him of possible or actual exposure to the novel corona virus.

164.    Plaintiff Eric Holmes is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General

Schedule Correctional Officer, GS-7, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Holmes has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Holmes is entitled to "hazardous duty pay" for each such day.

165.    Plaintiff Robert Holmes is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Holmes has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Holmes is entitled to "hazardous duty pay" for each such day.

166.    Plaintiff Earnest Holton is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-7, Step 6, at FCC Yazoo City. At various times within the last six years, plaintiff Holton has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Holton is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Holton worked in I-1, I-2, J-1, J-2, K-1, K-2 and Special Housing Unit at FCC Yazoo City at various times throughout the pandemic the I-1, I-2 and Special Housing Unit were designated quarantine areas. Plaintiff Holton worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Additionally, plaintiff Holton did not receive any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Holton contracted COVID-19.

167.    Plaintiff Brian Hooper is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Senior officer specialist, GS-8, Step 7, at FCC Yazoo City. At various times within the last six years, plaintiff Hooper has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hooper is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Hooper worked in the I-1, I-2, J-1, J-2, L-1, L-2, K-1, K-2, M-2, N-2 and Special Housing Unit at FCC Yazoo City, at various times throughout the pandemic the I-1, I-2 and Special Housing units were designated quarantine units. Plaintiff Hooper worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Additionally, plaintiff Hooper did not receive any memos advising him of possible or actual exposure to the novel corona virus.

168.    Plaintiff Darkenya Hornsby is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Lock and Security Specialist, GS-9, Step 4, at FCC Yazoo City. At various times within the last six years, plaintiff Hornsby has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hornsby is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Hornsby worked in the F-1 housing unit at FCC Yazoo City, at various times throughout the pandemic plaintiff Hornsby was assigned to do lock repairs in different quarantine units. Plaintiff Hornsby worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus. Additionally,

plaintiff Hornsby received at least one memo advising her of possible or actual exposure to the novel corona virus.

169.    Plaintiff Mia Horton is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 6, at FCC Yazoo City. At various times within the last six years, plaintiff Horton has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Horton is entitled to "hazardous duty pay" for each such day.

170.    Plaintiff Jasmine Houseworth is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-7, Step 6, at FCC Yazoo City. At various times within the last six years, plaintiff Houseworth has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Houseworth is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Houseworth worked in the Bravo, Charlie and Special Housing Units at FCC Yazoo City of which the B-3, B-4, C-1, C-2, and Special Housing Unit were designated quarantine areas. Plaintiff Houseworth worked multiple overtime shifts furthering her exposure to the novel corona virus. Additionally, plaintiff Houseworth did not receive any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Houseworth contracted COVID-19.

171.    Plaintiff LaColby Howard is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Senior Correctional Officer, GS-8, Step 6, at FCC Yazoo City. At various

times within the last six years, plaintiff Howard has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Howard is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff LaColby Howard worked in the I, J, K, L, M, N, and Special Housing Unit at FCC Yazoo City, at various times throughout the pandemic the I-1, I-2 and Special Housing Units were designated quarantine areas. Plaintiff LaColby Howard worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus. Additionally, plaintiff LaColby Howard received at least one memo advising her of possible or actual exposure to the novel corona virus.

172.     Plaintiff Shalimar Howard is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Health Information Technician, GS-7, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Howard has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Howard is entitled to "hazardous duty pay" for each such day.

173.     Plaintiff Kimberly Hubbard is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Officer, GS-7, Step 3, at FCC Yazoo City. At various times within the last six years, plaintiff Hubbard has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hubbard is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Hubbard worked in all housing units at the Low as well as Alpha, Bravo, Charlie and Special Housing Units at FCC Yazoo City, all units at the Low and the

Special Housing Unit were designated quarantine areas. Plaintiff Hubbard worked multiple overtime shifts during the pandemic further exposing her to the novel corona virus. Plaintiff Hubbard received at least one memo advising her of possible or actual exposure to the novel corona virus, and plaintiff Hubbard contracted COVID-19.

174.    Plaintiff Willie Hughes is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Hughes has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Hughes is entitled to "environmental differential pay" for each such day.

175.    Plaintiff Benjamin Humphries is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 7, at FCC Yazoo City. At various times within the last six years, plaintiff Humphries has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Humphries is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Humphries worked in the A-1, A-2, A-3, B-1, B-2, B-3, C-2, K-1, K-2, J-1, and M-2 housing units at FCC Yazoo City, including the I-2, J-1, J-2, K-1, K-2 and Special Housing Unit designated quarantine areas.  Plaintiff Humphries worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Humphries received memos advising him of possible or actual exposure to the novel corona virus.

176.     Plaintiff Mikimbe Hutton-Harris is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 6, at FCC Yazoo City. At various times within the last six years, plaintiff Hutton-Harris has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hutton-Harris is entitled to "hazardous duty pay" for each such day.

177.     Plaintiff Candy Ingram is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Captains Secretary, GS-6, Step 6, at FCC Yazoo City. At various times within the last six years, plaintiff Ingram has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Ingram is entitled to "hazardous duty pay" for each such day.

178.     Plaintiff Cedrick Ivory is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-8, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Ivory has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Ivory is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Ivory worked in the Alpha, Bravo, and Charlie housing units at FCC Yazoo City, including the Low Alpha 4, Bravo 1 and 2, and Charlie 1, 2, and 4 designated quarantine areas.  Plaintiff Ivory worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Ivory never received memos advising him of possible or actual exposure to the novel corona virus.

179.    Plaintiff Aaron Jackson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-7, Step 4, at FCC Yazoo City. At various times within the last six years, plaintiff Jackson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Jackson is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Aaron Jackson worked in the D-3, D-4 I-1, J-1, K-1, K-2, M-1, M-2, N-1, N-2 and Special Housing Unit at various times throughout the pandemic D-3, D-4, I-1, I-2 and Special Housing Unit were designated quarantine units. Plaintiff Aaron Jackson worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Additionally, plaintiff Aaron Jackson did not receive any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Aaron Jackson contracted COVID-19.

180.    Plaintiff George Jackson, Jr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule SIS Technician, GS-8, Step 6, at FCC Yazoo City. At various times within the last six years, plaintiff Jackson, Jr. has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Jackson, Jr. is entitled to "hazardous duty pay" for each such day.

181.    Plaintiff Keyanna Jackson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCC Yazoo City. At various times within the last six years, plaintiff Jackson has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Jackson is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff K. Jackson worked in the F-3, F-4, E-3, D-1, D-2, D-3, D-4 at FCC Yazoo City, the D-3 and D-4 units were designated quarantine areas. Plaintiff K. Jackson worked multiple overtime shifts where she was further exposed to the novel corona virus. Plaintiff received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff K. Jackson contracted COVID-19.

182.    Plaintiff Lacreshia Jackson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Officer, GS-7, Step 4, at FCC Yazoo City. At various times within the last six years, plaintiff Jackson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Jackson is entitled to "hazardous duty pay" for each such day.

183.    Plaintiff Lawanda Jackson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 6, at FCC Yazoo City. At various times within the last six years, plaintiff Jackson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Jackson is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Jackson worked in the Special Housing Unit at FCC Yazoo City. The Special Housing Unit was a designated quarantine area. Plaintiff Jackson worked multiple overtime shifts, where she was further exposed to the novel corona virus. Plaintiff Jackson did

not receive any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Jackson contracted COVID-19.

184.    Plaintiff Luekertera Jackson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Drug Treatment Specialist, GS-11, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Jackson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Jackson is entitled to "hazardous duty pay" for each such day.

185.    Plaintiff Cedric James is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade Maintenance Supervisor, WS-8, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff James has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff James is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff James worked in all the facilities at FCC Yazoo City, at various times throughout the pandemic the I-1, I-2 and Special Housing Unit were designated quarantine units. Plaintiff James worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Additionally, plaintiff James received at least one memo advising him of possible or actual exposure to the novel corona virus.

186.    Plaintiff Dominique Jamison is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule DHO Sec, GS-6, Step 5, at FCC Yazoo City. At various times within the last

six years, plaintiff Jamison has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Jamison is entitled to "hazardous duty pay" for each such day.

187.    Plaintiff Jason Jefferson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Counselor, GS-9, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Jefferson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Jefferson is entitled to "hazardous duty pay" for each such day.

188.    Plaintiff Brittany Johnson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Johnson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Johnson is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Brittany Johnson worked in the D-3, D-4, E-1, E-3, F-2, F-3, F-4, and Special Housing Units at FCC Yazoo City, including the D-3, D-4, and Special Housing Unit designated quarantine areas.  Plaintiff Brittany Johnson worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Brittany Johnson received memos advising her of possible or actual exposure to the novel corona virus.

189.    Plaintiff Byron Johnson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-7, Step 6, at FCC Yazoo City. At various times

within the last six years, plaintiff Johnson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Johnson is entitled to "hazardous duty pay" for each such day.

190.    Plaintiff Christopher Johnson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-8, Step 6, at FCC Yazoo City. At various times within the last six years, plaintiff Johnson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Johnson is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Christopher Johnson worked in I-1, I-2, J-1, J-2, K-1, K-2, L-2, M-1, M-2, N-1, N-2 and Special Housing Unit at FCC Yazoo City, at various times throughout the pandemic I-1, I-2 and Special Housing Unit were designated quarantine areas. Plaintiff worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Additionally, plaintiff Christopher Johnson did not receive any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Christopher Johnson contracted COVID-19.

191.    Plaintiff Maushunia Johnson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Officer, GS-11, Step 7, at FCC Yazoo City. At various times within the last six years, plaintiff Johnson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Johnson is entitled to "hazardous duty pay" for each such day.

192.    Plaintiff Tavorus Johnson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Recreation Specialist, GS-9, Step 4, at FCC Yazoo City. At various times within the last six years, plaintiff Johnson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Johnson is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Tavorus Johnson worked in the I-2, J-1, K-1, K-2, L-2, M-1, and Special Housing Units at FCC Yazoo City, including the I-2 and Special Housing Unit designated quarantine areas.  Plaintiff Tavorus Johnson worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Tavorus Johnson never received memos advising him of possible or actual exposure to the novel corona virus.

193.    Plaintiff Tekesha Johnson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Officer, GS-8, Step 7, at FCC Yazoo City. At various times within the last six years, plaintiff Johnson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Johnson is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Tekesha Johnson worked in all the housing units at FCC Yazoo City, many of which were designated quarantine units throughout the pandemic. Plaintiff Tekesha Johnson worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus. Additionally, plaintiff Tekesha Johnson did not receive any memos advising her of possible or actual exposure to the novel corona virus.

194.    Plaintiff Bernitta Jones is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 7, at FCC Yazoo City. At various times within the last six years, plaintiff Jones has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Jones is entitled to "hazardous duty pay" for each such day.

195.    Plaintiff Christopher Jones is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Counselor, GS-9, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Jones has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Jones is entitled to "hazardous duty pay" for each such day.

196.    Plaintiff Desiree Jones is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Case Manager, GS-9, Step 7, at FCC Yazoo City. At various times within the last six years, plaintiff Jones has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Jones is entitled to "hazardous duty pay" for each such day

197.    Plaintiff Elijah Jones is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-7, Step 6, at FCC Yazoo City. At various times within the last six years, plaintiff Jones has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff

Jones is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Elijah Jones worked in the I-1, I-2, J-1, J-2, K-1, K-2, L-1, L-2, M-1, M-2, N-1, N-2, and Special Housing Units at FCC Yazoo City, including the I-1, I-2, and Special Housing Unit designated quarantine areas. Plaintiff Elijah Jones worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Elijah Jones received memos advising him of possible or actual exposure to the novel corona virus.

198. Plaintiff Johenes Jones is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Senior lieutenant, GS-11, Step 6, at FCC Yazoo City. At various times within the last six years, plaintiff Jones has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Jones is entitled to "hazardous duty pay" for each such day.

199. Plaintiff Kenya Jones is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule  I.O.P. Specialist, GS-11, Step 8, at FCC Yazoo City. At various times within the last six years, plaintiff Jones has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Jones is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Kenya Jones worked in all housing units at FCC Yazoo City, including the designated quarantine areas. Plaintiff Kenya Jones worked multiple overtime shifts, where she was further exposed to the novel corona virus. Plaintiff Kenya Jones received at least one memo advising her of possible or actual exposure to the novel corona virus.

200.     Plaintiff LaTari Jones is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Unit Secretary, GS-6, Step 7, at FCC Yazoo City. At various times within the last six years, plaintiff Jones has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Jones is entitled to "hazardous duty pay" for each such day.

201.     Plaintiff LaTisha Jones is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Unit Secretary, GS-6, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Jones has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Jones is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff L. Jones worked in the I-1, J-1, N-1, N-2 units at FCC Yazoo City, of which the I-1 units were designated quarantine areas. Plaintiff L. Jones worked multiple overtime shifts where she was further exposed to the novel corona virus. Additionally, plaintiff L. Jones received at least one memo advising her of possible or actual exposure to the novel corona virus, and plaintiff L. Jones contracted COVID-19.

202.     Plaintiff LeTrey Jones is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCC Yazoo City. At various times within the last six years, plaintiff Jones has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Jones is entitled to "hazardous duty pay" for each such day.

203.    Plaintiff Luciana Jones is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Counselor, GS-9, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Jones has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Jones is entitled to "hazardous duty pay" for each such day.

204.    Plaintiff Mackenzie Jones is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Jones has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Jones is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Mackenzie Jones worked at the A-2, A-3, A-4, C-1, D-1, D-2, D-4, F-1 and Special Housing Units at FCC Yazoo City, at various times throughout the pandemic A-2, A-3, A-4, C-1 housing units at the Low in addition to D-4 and Special Housing Unit were designated quarantine units. Plaintiff Mackenzie Jones worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus. Additionally, plaintiff Mackenzie Jones received at least one memo advising her of possible or actual exposure to the novel corona virus.

205.    Plaintiff Ralpheal Jones is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-8, Step 7, at FCC Yazoo City. At various times within the last six years, plaintiff Jones has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Jones is entitled to "hazardous duty pay" for each such day.

206.    Plaintiff Vanessa Jones is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Jones has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Jones is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff V. Jones worked in the I-1 and Special Housing Unit at FCC Yazoo City both of which were designated quarantine areas. Plaintiff V. Jones worked multiple overtime shifts during the pandemic further exposing her to the novel corona virus. Additionally, plaintiff V. Jones did not receive any memos advising her of possible or actual exposure to the novel corona virus.

207.    Plaintiff Sharon Jordan is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule T&A Clerk, GS-5, Step 9, at FCC Yazoo City. At various times within the last six years, plaintiff Jordan has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Jordan is entitled to "hazardous duty pay" for each such day.

208.    Plaintiff Eric Kelly is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Kelly has been required to perform duties involving unusual physical hardship

and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Kelly is entitled to "hazardous duty pay" for each such day.

209.    Plaintiff Shawonna Kemp is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Senior Systems Officer, GS-7, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Kemp has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Kemp is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Kemp worked in the D-1, D-3, D-4, and E-3 housing units at FCC Yazoo City, including the D-3 and D-4 designated quarantine areas.  Plaintiff Kemp worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Kemp received memos advising her of possible or actual exposure to the novel corona virus.

210.    Plaintiff Annlesha Kimbrough is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCC Yazoo City. At various times within the last six years, plaintiff Kimbrough has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Kimbrough is entitled to "hazardous duty pay" for each such day.

211.    Plaintiff Jenna King is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCC Yazoo City. At various times within the last six years, plaintiff King has been required to perform duties involving unusual physical hardship

and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff King is entitled to "hazardous duty pay" for each such day.

212.    Plaintiff Rex King is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCC Yazoo City. At various times within the last six years, plaintiff King has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff King is entitled to "hazardous duty pay" for each such day.

213.    Plaintiff Meredith Kirby is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Facilities Assistant, GS-7, Step 1, at FCC Yazoo City. At various times within the last six years, plaintiff Kirby has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Kirby is entitled to "hazardous duty pay" for each such day.

214.    Plaintiff Philip Kirby is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade Material Handler Supervisor, WS-4, Step 4, at FCC Yazoo City. At various times within the last six years, plaintiff Kirby has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Kirby is entitled to "environmental differential pay" for each such day.

215.    Plaintiff Kristopher Knight is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage

Grade Facilities General Maintenance Supervisor, WS-8, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Knight has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Knight is entitled to "environmental differential pay" for each such day.

216.    Plaintiff Jovonna Knighten is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Officer, GS-7, Step 6, at FCC Yazoo City. At various times within the last six years, plaintiff Knighten has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Knighten is entitled to "hazardous duty pay" for each such day.

217.    Plaintiff Dianna Lairy is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Budget Analyst, GS-9, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Lairy has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Lairy is entitled to "hazardous duty pay" for each such day.

218.    Plaintiff Thembi Lake-Carr is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Budget Analyst GS-9, Step 7, at FCC Yazoo City. At various times within the last six years, plaintiff Lake-Carr has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Lake-Carr is entitled to "hazardous duty pay" for each such day.

219.    Plaintiff Calvin Lampkin, Jr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-7, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Lampkin, Jr. has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Lampkin, Jr. is entitled to "hazardous duty pay" for each such day.

220.    Plaintiff Angela Ledlow is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 2, at FCC Yazoo City. At various times within the last six years, plaintiff Ledlow has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Ledlow is entitled to "environmental differential pay" for each such day.

221.    Plaintiff Andre Lee is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Lee has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Lee is entitled to "hazardous duty pay" for each such day.

222.    Plaintiff Roshunda Leflore is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 6, at FCC Yazoo City. At various times within the last six years, plaintiff Leflore has been required to perform duties involving

unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Leflore is entitled to "hazardous duty pay" for each such day.

223.    Plaintiff Katunia Levy is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a Wage Grade Material Handler Supervisor, WS-4, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Levy has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Levy is entitled to "environmental differential pay" for each such day.

224.    Plaintiff Carlos Lewis is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade Cook Foreman, WS-8, Step 3, at FCC Yazoo City. At various times within the last six years, plaintiff Lewis has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Carlos Lewis is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Carlos Lewis worked in Food and Services as well as all Housing units at the Low at FCC Yazoo City, all of which were designated quarantine areas during the pandemic. Plaintiff Carlos Lewis worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Carlos Lewis received at least one memo advising him of possible of actual exposure to the novel corona virus, and plaintiff Lewis contracted COVID-19.

225.    Plaintiff Cecil Lewis is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule

Senior Officer Specialist, GS-8, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Lewis has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Lewis is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Cecil Lewis worked in the I-1, I-2, and Special Housing Units at FCC Yazoo City, including the I-1, I-2, and Special Housing Unit designated quarantine areas. Plaintiff Cecil Lewis worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Cecil Lewis never received memos advising him of possible or actual exposure to the novel corona virus.

226.    Plaintiff Sharon Lewis is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Mentor Coordinator, GS-9, Step 3, at FCC Yazoo City. At various times within the last six years, plaintiff Lewis has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Lewis is entitled to "hazardous duty pay" for each such day.

227.    Plaintiff Tony Lewis is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Lewis has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Lewis is entitled to "hazardous duty pay" for each such day.

228.    Plaintiff Alisha Liddell-Peterson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a

General Schedule Case Manager, GS-9, Step 2, at FCC Yazoo City. At various times within the last six years, plaintiff Liddell-Peterson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Liddell-Peterson is entitled to "hazardous duty pay" for each such day.

229.    Plaintiff Reuben Lindo is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade Maintenance Worker Supervisor, WS-8, Step 2, at FCC Yazoo City. At various times within the last six years, plaintiff Lindo has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Lindo is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Lindo worked at all the medium housing units at FCC Yazoo City, at various times throughout the pandemic the D-3, D-4 and Special Housing Unit were designated quarantine areas. Plaintiff Lindo worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Additionally, was sent on TDY to MDC Brooklyn increasing his exposure to the novel corona virus exponentially. Plaintiff Lindo did not receive any memos advising him of possible or actual exposure to the novel corona virus.

230.    Plaintiff Leroy Lindsey is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-8, Step 9, at FCC Yazoo City. At various times within the last six years, plaintiff Lindsey has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Lindsey is entitled to "hazardous duty pay" for each such day. At all times relevant

herein, plaintiff Lindsey worked in the Camp, Special Housing Units and various housing units at the Low at FCC Yazoo City of which, the Special Housing Units and camp were designated quarantine areas. Plaintiff Lindsey worked multiple overtime shifts during the pandemic further exposing him to the novel corona virus. Additionally, plaintiff Lindsey did not receive any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Lindsey contracted COVID-19.

231.    Plaintiff Corey Lofton is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Senior Official Specialist, GS-8, Step 8, at FCC Yazoo City. At various times within the last six years, plaintiff Lofton has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Lofton is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Lofton worked in the I-1, I-2, J-1, J-2, K-1, K-2, L-2, M-1, M-2, N-1, N-2 and the Special Housing Unit at FCC Yazoo City, of which the I-1, I-2 and Special Housing Unit were designated quarantine areas. Plaintiff Lofton worked multiple overtime shifts during the pandemic further exposing him to the novel corona virus. Furthermore, plaintiff Lofton was sent on TDY to Washington D.C to assist with the Riots at the Capital on June 1 increasing his exposure exponentially.  Plaintiff Lofton did not receive any memos advising him of possible or actual exposure to the novel corona virus and plaintiff Lofton contracted COVID-19.

232.    Plaintiff Oshad Lofton is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-7, Step 8, at FCC Yazoo City. At various times within the last six years, plaintiff Lofton has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Lofton is entitled to "hazardous duty pay" for each such day.

233.    Plaintiff Mikael Longino is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 9, at FCC Yazoo City. At various times within the last six years, plaintiff Longino has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Longino is entitled to "hazardous duty pay" for each such day.

234.    Plaintiff Contrina Love is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Psychology Secretary, GS-6, Step 9, at FCC Yazoo City. At various times within the last six years, plaintiff Love has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Love is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Love worked in the A-1, A-2, A-3, A-4, B-1, B-2, B-3, B-4, C-1, C-2, C-3, C-4 at FCC Yazoo City, at various times throughout the pandemic A-1, A-2, A-3, A-4, B-1, B-2, B-3, B-4, C-1, C-2, C-3, C-4 were designated as quarantine areas. Additionally, plaintiff Love never received any memos advising her of possible or actual exposure to the novel corona virus.

235.    Plaintiff Kevin Luse is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Counselor, GS-9, Step10, at FCC Yazoo City. At various times within the last six years, plaintiff Luse has been required to perform duties involving unusual physical hardship and

hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Luse is entitled to "hazardous duty pay" for each such day.

236.    Plaintiff Richard Mack, Jr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-8, Step 8, at FCC Yazoo City.  At various times within the last six years, plaintiff Mack has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Mack is entitled to "hazardous duty pay" for each such day.

237.    Plaintiff James March is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Facilities Foreman, WS-14, Step 3, at FCC Yazoo City.  At various times within the last six years, plaintiff March has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff March is entitled to "environmental differential pay" for each such day.

238.    Plaintiff Jesus Marroquin is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff Marroquin has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Marroquin is entitled to "hazardous duty pay" for each such day.

239.    Plaintiff Demarco Martin is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General

Schedule Senior Office Specialist, GS-8, Step 8, at FCC Yazoo City. At various times within the last six years, plaintiff Martin has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Martin is entitled to "hazardous duty pay" for each such day.

240.    Plaintiff Eddie Martin is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Teacher, GS-11, Step 4, at FCC Yazoo City. At various times within the last six years, plaintiff Martin has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Martin is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Eddie Martin worked in the I-1, I-2, M-1, M-2, N-1, N-2, L-1, L-2 J-1, J-2 K-1, K-2, and Special Housing Units at FCC Yazoo City, at various times throughout the pandemic I-1, I-2 and the Special Housing Unit were designated quarantine areas. Plaintiff Eddie Martin worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Additionally, plaintiff Eddie Martin received at least one memo advising him of possible or actual exposure to the novel corona virus.

241.    Plaintiff Richard Martin is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-8, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Martin has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Martin is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Richard Martin worked in the D-1, D-2, D-4, E-1, E-2, E-3, E-4, F-1, F-2, F-3,

F-4, and Special Housing Unit at FCC Yazoo City, at various times throughout the pandemic the D-4 and Special Housing Unit were designated quarantine areas. Plaintiff Richard Martin worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Additionally, plaintiff Richard Martin received at least one memo advising him of possible or actual exposure to the novel corona virus.

242.    Plaintiff Pattie Mason is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Unit Secretary, GS-6, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff Mason has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Mason is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff P. Mason worked in the Mike housing unit at FCC Yazoo City, including the I-1 designated quarantine area.  Plaintiff P. Mason worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff P. Mason received memos advising her of possible or actual exposure to the novel corona virus.

243.    Plaintiff Kimberly Mathews is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Financial Specialist, GS-9, Step 7, at FCC Yazoo City.  At various times within the last six years, plaintiff Mathews has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Mathews is entitled to "hazardous duty pay" for each such day.

244.    Plaintiff Tremansky Matthews is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a

General Schedule Senior Officer Specialist, GS-8, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff Matthews has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Matthews is entitled to "hazardous duty pay" for each such day.

245.    Plaintiff Phillip Mayhall is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 3, at FCC Yazoo City.  At various times within the last six years, plaintiff Mayhall has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Mayhall is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Mayhall worked in the E-1, E-2, E-3, E-4, D-1, D-2, D-3, D-4, F-1, F-2, F-3, and F-4 housing units at FCC Yazoo City, including the D-3 and D-4 designated quarantine areas. Plaintiff Mayhall worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Mayhall never received memos advising him of possible or actual exposure to the novel corona virus.

246.    Plaintiff Kesha McAbee is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Recreation Specialist, GS-9, Step 9, at FCC Yazoo City.  At various times within the last six years, plaintiff McAbee has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff McAbee is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff McAbee worked in the Recreation area as well as all the housing units at the Low at FCC Yazoo City, at various times throughout the pandemic housing units at the Low

were designated quarantine areas. Plaintiff McAbee worked overtime in hospitals and

performing prisoner transportation, where he was further exposed to the novel corona virus

Additionally, plaintiff McAbee did not receive any memos advising her of possible or actual

exposure to the novel corona virus.

247.    Plaintiff Demetrius McCain is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a

General Schedule Correctional Counselor, GS-9, Step 10, at FCC Yazoo City.  At various times

within the last six years, plaintiff McCain has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as

detailed below, plaintiff McCain is entitled to "hazardous duty pay" for each such day.  At all

times relevant herein, plaintiff McCain worked in all housing units at FCC Yazoo City, including

the designated quarantine areas. Plaintiff McCain worked overtime in hospitals and performing

prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff McCain

received at least one memo advising him of possible or actual exposure to the novel corona virus,

and plaintiff McCain contracted COVID-19.

248.    Plaintiff Otha McClain is an employee of Defendant United States of America pursuant

to Title 5 of the United States Code and the FLSA.  He is currently employed as a General

Schedule Senior Officer Specialist, GS-8, Step 5, at FCC Yazoo City.  At various times within

the last six years, plaintiff McClain has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as

detailed below, plaintiff McClain is entitled to "hazardous duty pay" for each such day.

249.    Plaintiff Marcus McCollum is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a

General Schedule Lock Security Specialist, GS-9, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff McCollum has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff McCollum is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff McCollum worked in all the USP housing units at FCC Yazoo City, at various times throughout the pandemic the I-1 and I-2 units were designated quarantine areas. Plaintiff McCollum worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Additionally, plaintiff McCollum did receive at least one memo advising him of possible or actual exposure to the novel corona virus.

250.    Plaintiff Sarah McDowell is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Officer, GS-7, Step 4, at FCC Yazoo City. At various times within the last six years, plaintiff McDowell has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff McDowell is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff McDowell worked in all housing units at FCC Yazoo City of which the I-1, I-2, Special Housing Unit, and the Low were designated quarantine areas. Plaintiff McDowell worked multiple overtime shifts during the pandemic where she was further exposed to the novel corona virus. Additionally, plaintiff McDowell did not receive any memos advising her of possible or actual exposure to the novel corona virus, additionally plaintiff McDowell contracted COVID-19.

251.    Plaintiff LaMonica McFarland is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a

General Schedule Correctional Officer, GS-8, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff McFarland has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff McFarland is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff McFarland worked in the Bravo, Charlie, Camp, and Special Housing Units at FCC Yazoo City, including the Camp, Bravo, Charlie, and Special Housing Unit designated quarantine areas.  Plaintiff McFarland worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff McFarland never received memos advising her of possible or actual exposure to the novel corona virus.

252.    Plaintiff Lawrence McLemore is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Laundry Foreman, WS-4, Step 5, at FCC Yazoo City.  At various times within the last six years, plaintiff McLemore has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff McLemore is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff McLemore worked in Laundry at FCC Yazoo City. Plaintiff McLemore received at least one memo advising him of possible or actual exposure to the novel corona virus.

253.    Plaintiff Barbara McMaster is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Contract Specialist, GS-9, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff McMaster has been required to perform duties involving

unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff McMaster is entitled to "hazardous duty pay" for each such day.

254.    Plaintiff Sheronda McMiller is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Counselor, GS-9, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff McMiller has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff McMiller is entitled to "hazardous duty pay" for each such day.

255.    Plaintiff Portia McMurtrey is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a Wage Grade Material Handler Supervisor, WS-4, Step 5, at FCC Yazoo City.  At various times within the last six years, plaintiff McMurtrey has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff McMurtrey is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff McMurtrey worked in the I, J, K, L, M, N units at FCC Yazoo City all of which were designated quarantine areas during the pandemic. Plaintiff McMurtrey worked multiple overtime shifts during the pandemic further exposing her to the novel corona virus. Additionally, plaintiff McMurtrey did not receive any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff McMurtrey contracted COVID-19.

256.    Plaintiff Anthony Meeks is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-8, Step 10, at FCC Yazoo City.  At various times within the

last six years, plaintiff Meeks has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Meeks is entitled to "hazardous duty pay" for each such day.

257.    Plaintiff Donald Mills, Jr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Counselor, GS-9, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff Mills has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Mills is entitled to "hazardous duty pay" for each such day.

258.    Plaintiff Donald Mills, Sr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 3, at FCC Yazoo City.  At various times within the last six years, plaintiff Mills has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Mills is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Mills Sr. worked in Food Services at FCC Yazoo City. Plaintiff Mills Sr never received any memos advising him of possible or actual exposure to the novel corona virus.

259.    Plaintiff Sandra Mills is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff Mills has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below,

plaintiff Mills is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Sandra Mills worked in A-1 and the hospital at FCC Yazoo City. Plaintiff Sandra Mills worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus. Additionally, plaintiff Sandra Mills received at least one memo advising her of possible or actual exposure to the novel corona virus, and plaintiff Rogers contracted COVID-19.

260.    Plaintiff Latarsha Montgomery is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Case Manager, GS-11, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Montgomery has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Montgomery is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Montgomery worked in the Delta, Echo, and Foxtrot housing units at FCC Yazoo City, including the D-4 and Special Housing Unit designated quarantine areas. Plaintiff Montgomery worked multiple overtime shifts, where she was further exposed to the novel corona virus. Plaintiff Montgomery received memos advising her of possible or actual exposure to the novel corona virus.

261.    Plaintiff Kacey Moore is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Treatment Specialist, GS-11, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Moore has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Moore is entitled to "hazardous duty pay" for each such day.

262.    Plaintiff Leonard Moore is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Moore has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Moore is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff L. Moore worked in Medical Observation and Food Services at Low at FCC Yazoo City both of which increased plaintiff L. Moore's exposure during the pandemic. Additionally, plaintiff Moore worked multiple overtime shifts during the pandemic further exposing him to the novel corona virus. Furthermore, plaintiff L. Moore received at least one memo advising him of actual or possible exposure to the novel corona virus and, plaintiff Moore contracted COVID-19.

263.    Plaintiff Salena Moore is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a Wage Grade Material Handler Supervisor, WS-4, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Moore has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Moore is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Salena Moore worked in the I-1, I-2, J-1, J-2, K-1, K-2, and Special Housing Units at FCC Yazoo City, including the I-1, I-2, and Special Housing Unit designated quarantine areas. Plaintiff Salena Moore worked multiple overtime shifts, where she was further exposed to the novel corona virus. Plaintiff Salena Moore never received memos advising her of possible or actual exposure to the novel corona virus.

264.    Plaintiff Thaddeus Moore is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Lockshop Specialist, GS-9, Step 7, at FCC Yazoo City.  At various times within the last six years, plaintiff Moore has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Moore is entitled to "hazardous duty pay" for each such day.

265.    Plaintiff Tiffany Moore is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Unit Secretary, GS-6, Step 2, at FCC Yazoo City.  At various times within the last six years, plaintiff Moore has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Moore is entitled to "hazardous duty pay" for each such day.

266.    Plaintiff Jake Morrison is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 5, at FCC Yazoo City.  At various times within the last six years, plaintiff Morrison has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Morrison is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Morrison worked in the I-1, I-2, N-1, N-2, M-1, M-2 and Special Housing Unit at FCC Yazoo City of which the I-1, I-2 and Special Housing Units were designated quarantine areas. Plaintiff Morrison worked multiple overtime shifts during the pandemic further exposing him to the novel corona virus. Additionally, plaintiff Morrison did

not receive any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Morrison contracted COVID-19.

267.    Plaintiff Kennotrice Morrow is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-7, Step 7, at FCC Yazoo City.  At various times within the last six years, plaintiff Morrow has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Morrow is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Morrow worked as Mobile Unit 2 at FCC Yazoo City of which he encountered A-4 Unit, Camp and Medical Observation at the Low which were designated quarantine areas. Plaintiff Morrow worked multiple overtime shifts during the pandemic in which he was further exposed to the novel corona virus. Additionally, plaintiff Morrow never received a memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Morrow contracted COVID-19.

268.    Plaintiff Keveya Munford is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-7, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff Munford has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Munford is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Mumford worked in A-1, A-2, A-3, A-4, B-1, B-2, B-3, B-4, C-1, C-2, C-3, C-4 at FCC Yazoo City, at various times throughout the pandemic A-1, A-2, A-3, A-4, B-1, B-2, B-3, B-4, C-1, C-2, C-3, C-4 were designated quarantine units. Plaintiff Mumford

worked multiple overtime shifts where they were further exposed to the novel corona virus. Additionally, plaintiff Mumford did not receive any memos advising them of possible or actual exposure to the novel corona virus.

269.    Plaintiff Jeff Murray is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-6, Step 4, at FCC Yazoo City.  At various times within the last six years, plaintiff Murray has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Murray is entitled to "hazardous duty pay" for each such day.

270.    Plaintiff Charles Nalls is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Lieutenant, GS-11, Step 5, at FCC Yazoo City.  At various times within the last six years, plaintiff Nalls has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Nalls is entitled to "hazardous duty pay" for each such day.

271.    Plaintiff Jessica Neal is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-7, Step 3, at FCC Yazoo City.  At various times within the last six years, plaintiff Neal has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Neal is entitled to "hazardous duty pay" for each such day.

272.    Plaintiff Jeffrey Nelson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General

Schedule Correctional Officer, GS-7, Step 6, at FCC Yazoo City. At various times within the last six years, plaintiff Nelson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Nelson is entitled to "hazardous duty pay" for each such day.

273.    Plaintiff Patrick Newell is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Newell has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Newell is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Newell worked in the Charlie upper and Bravo Unit at FCC Yazoo City, at various times throughout the pandemic both units were designated quarantine areas. Plaintiff Newell worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Additionally, plaintiff Newell received at least one memo advising him of possible or actual exposure to the novel corona virus.

274.    Plaintiff Lorenzo Newman is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-7, Step 3, at FCC Yazoo. At various times within the last six years, plaintiff Newman has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Newman is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Newman worked in the D-3, D-4, F-3 and Special Housing Unit at FCC Yazoo City of which the D-3, D-4 and Special Housing Unit were designated quarantine areas. Plaintiff

Newman worked multiple overtime shifts during the pandemic further exposing him to the novel corona virus. Additionally, plaintiff Newman received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Newman contracted COVID-19.

275.    Plaintiff Shawn Newsome is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 7, at FCC Yazoo City.  At various times within the last six years, plaintiff Newsome has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Newsome is entitled to "hazardous duty pay" for each such day.

276.    Plaintiff Robert Newton is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Lieutenant, GS-11, Step 7, at FCC Yazoo City.  At various times within the last six years, plaintiff Newton has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Newton is entitled to "hazardous duty pay" for each such day.

277.    Plaintiff Sherard Newton is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 5, at FCC Yazoo City.  At various times within the last six years, plaintiff Newton has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Newton is entitled to "hazardous duty pay" for each such day.

278.    Plaintiff Damien Nicholson is an employee of Defendant United States of America
pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage
Grade Cook Supervisor, WS-8, Step 5, at FCC Yazoo City.  At various times within the last six
years, plaintiff Nicholson has been required to perform duties involving unusually severe
working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4),
and therefore, as detailed below, plaintiff Nicholson is entitled to "environmental differential
pay" for each such day.

279.    Plaintiff King Norvel is an employee of Defendant United States of America pursuant to
Title 5 of the United States Code and the FLSA.  He is currently employed as a General
Schedule Correctional Officer, GS-7, Step 8, at FCC Yazoo City.  At various times within the
last six years, plaintiff Norvel has been required to perform duties involving unusual physical
hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below,
plaintiff Norvel is entitled to "hazardous duty pay" for each such day.

280.    Plaintiff Unekia Oatis is an employee of Defendant United States of America pursuant to
Title 5 of the United States Code and the FLSA.  She is currently employed as a General
Schedule Correctional Officer, GS-6, Step 1, at FCC Yazoo City.  At various times within the
last six years, plaintiff Oatis has been required to perform duties involving unusual physical
hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below,
plaintiff Oatis is entitled to "hazardous duty pay" for each such day. At all times relevant herein,
plaintiff Oatis worked in the D-1, D-2, D-3, D-4, E-1, E-2, E-3, E-4, F-1, F-2, F-3, and F-4
housing units at FCC Yazoo City, including the D-3 and D-4 designated quarantine areas.
Plaintiff Oatis worked multiple overtime shifts, where she was further exposed to the novel

corona virus.  Plaintiff Pennington never received memos advising her of possible or actual exposure to the novel corona virus.

281.    Plaintiff Laritha Owens is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Unit Secretary, GS-6, Step 2, at FCC Yazoo City.  At various times within the last six years, plaintiff Owens has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Owens is entitled to "hazardous duty pay" for each such day.

282.    Plaintiff Kimberly Pack is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 9, at FCC Yazoo City.  At various times within the last six years, plaintiff Pack has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Pack is entitled to "hazardous duty pay" for each such day.

283.    Plaintiff Martina Paige-Coleman is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Unit Secretary, GS-6, Step 2, at FCC Yazoo City.  At various times within the last six years, plaintiff Paige-Coleman has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Paige-Coleman is entitled to "hazardous duty pay" for each such day.

284.    Plaintiff Carey Palmer is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 4, at FCC Yazoo City.  At various times within

the last six years, plaintiff Palmer has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Palmer is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Palmer worked in the Special Housing Unit at FCC Yazoo City, at various times throughout the pandemic the unit was designated as a quarantine area. Plaintiff Palmer worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Additionally, plaintiff Palmer did not receive any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Palmer contracted COVID-19.

285.    Plaintiff Jermaine Patrick is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Correctional Counselor, GS-9, Step 3, at FCC Yazoo City.  At various times within the last six years, plaintiff Patrick has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Patrick is entitled to "hazardous duty pay" for each such day.

286.    Plaintiff Timothy Paul is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Electronics Technician, GS-11, Step 4, at FCC Yazoo City.  At various times within the last six years, plaintiff Paul has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Paul is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Paul worked in various housing units at the Low at FCC Yazoo City, at various times throughout the pandemic several of the housing units were designated as quarantine areas.

Additionally, plaintiff Paul did not receive any memos advising him of possible or actual exposure to the novel corona virus.

287.    Plaintiff Jeremy Payne is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 7, at FCC Yazoo City.  At various times within the last six years, plaintiff Payne has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Payne is entitled to "hazardous duty pay" for each such day.

288.    Plaintiff Jeffery Pelison is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff Pelison has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Pelison is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Pelison worked the Alpha, Bravo and Charlie units at FCC Yazoo City the Special Housing Units at Low, Alpha, Bravo and Charlie were designated quarantine areas at various times throughout the pandemic. Additionally, plaintiff Pelison worked multiple overtime shifts during the pandemic further exposing him to the novel corona virus. Plaintiff Pelison did not receive any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Pelison contracted COVID-19.

289.    Plaintiff Angela Pennington is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Health Information Technician, GS-7, Step 9, at FCC Yazoo City.  At various

times within the last six years, plaintiff Pennington has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Pennington is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Pennington worked in Medium and Low housing units at FCC Yazoo City, including the designated quarantine areas.  Plaintiff Pennington worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Pennington received memos advising her of possible or actual exposure to the novel corona virus.

290.    Plaintiff Nathaniel Pepper is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Plumbing Supervisor, WS-8, Step 5, at FCC Yazoo City.  At various times within the last six years, plaintiff Pepper has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Pepper is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Pepper worked in all the medium housing units at FCC Yazoo City, at various times throughout the pandemic the D-3, D-4 and Special Housing Units were designated quarantine areas. Plaintiff Pepper worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus Additionally, plaintiff Pepper did not receive any memos advising him of possible or actual exposure to the novel corona virus.

291.    Plaintiff Brittney Perry is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCC Yazoo City.  At various times within the last six years, plaintiff Perry has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Perry is entitled to "hazardous duty pay" for each such day.

292.    Plaintiff Derek Perry is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Electronic Technician, GS-11, Step 4, at FCC Yazoo City.  At various times within the last six years, plaintiff Perry has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Perry is entitled to "hazardous duty pay" for each such day.

293.    Plaintiff Shaun Perry is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 9, at FCC Yazoo City.  At various times within the last six years, plaintiff Perry has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Perry is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Shaun Perry worked in the I-1, I-2, J-1, J-2, K-1, K-2, L-2, M-1, M-2 housing units at FCC Yazoo City, at various times throughout the pandemic the I-1, I-2, and Special Housing Units were designated quarantine areas.  Plaintiff Shaun Perry worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus Additionally, plaintiff Shaun Perry did not receive any memos advising him of possible or actual exposure to the novel corona virus.

294.    Plaintiff Derrick Phillips is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Trust Fund Specialist, GS-9, Step 6, at FCC Yazoo City.  At various times within the

last six years, plaintiff Phillips has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below,

plaintiff Phillips is entitled to "hazardous duty pay" for each such day.

295.    Plaintiff Jerrick Pickens is an employee of Defendant United States of America pursuant

to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade

Materials Handler Supervisor, WS-4, Step 5, at FCC Yazoo City.  At various times within the

last six years, plaintiff Pickens has been required to perform duties involving unusually severe

working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4),

and therefore, as detailed below, plaintiff Pickens is entitled to "environmental differential pay"

for each such day.

296.    Plaintiff Ruthie Pickens is an employee of Defendant United States of America pursuant

to Title 5 of the United States Code and the FLSA.  She is currently employed as a General

Schedule Correctional Officer, GS-8, Step 6, at FCC Yazoo City.  At various times within the

last six years, plaintiff Pickens has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below,

plaintiff Pickens is entitled to "hazardous duty pay" for each such day. At all times relevant

herein, plaintiff Ruthie Pickens worked in I-1, I-2, J-1, J-2, K-1, K-2, L-1, L-2, M-1, M-2, N-1,

N-2, and Special Housing Units at FCC Yazoo City, including the Special Housing Unit, I-1, and

I-2 designated quarantine areas.  Plaintiff Ruthie Pickens worked multiple overtime shifts, where

she was further exposed to the novel corona virus.  Plaintiff Ruthie Pickens received memos

advising her of possible or actual exposure to the novel corona virus.

297.    Plaintiff Christopher Pierce is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a

General Schedule SIS Technician, GS-8, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff Pierce has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Pierce is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Pierce worked in Delta, Echo, and Foxtrot housing units at FCC Yazoo City.  The D-3 and D-4 were designated quarantine areas.  Plaintiff Pierce worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Pierce never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Pierce contracted COVID-19.

298.    Plaintiff Kierre Pittman is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 5, at FCC Yazoo City.  At various times within the last six years, plaintiff Pittman has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Pittman is entitled to "hazardous duty pay" for each such day.

299.    Plaintiff Desi Potts is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Counselor, GS-9, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff Potts has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Potts is entitled to "hazardous duty pay" for each such day.

300.    Plaintiff Shamekia Potts is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General

Schedule Human Resource Specialist, GS-9, Step 8, at FCC Yazoo City.  At various times within the last six years, plaintiff Potts has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Potts is entitled to "hazardous duty pay" for each such day.

301.    Plaintiff Derrell Pough is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff Pough has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Pough is entitled to "hazardous duty pay" for each such day.

302.    Plaintiff Adrian Price is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Counselor, GS-9, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff Price has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Price is entitled to "hazardous duty pay" for each such day.

303.    Plaintiff Cyndee Price is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Case Manager, GS-11, Step 5, at FCC Yazoo City.  At various times within the last six years, plaintiff Price has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Price is entitled to "hazardous duty pay" for each such day.

304.    Plaintiff Rustishura Price is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Unit Secretary, GS-6, Step 2, at FCC Yazoo City.  At various times within the last six years, plaintiff Price has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Price is entitled to "hazardous duty pay" for each such day.

305.    Plaintiff Cierra Priest is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-7, Step 4, at FCC Yazoo City.  At various times within the last six years, plaintiff Priest has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Priest is entitled to "hazardous duty pay" for each such day.

306.    Plaintiff Daron Pritchard is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Teacher, GS-11, Step 4, at FCC Yazoo City.  At various times within the last six years, plaintiff Pritchard has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Pritchard is entitled to "hazardous duty pay" for each such day.

307.    Plaintiff James Pruett is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Facilities Foreman, WS-8, Step 5, at FCC Yazoo City.  At various times within the last six years, plaintiff Pruett has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Pruett is entitled to "hazardous duty pay" for each such day.

308.    Plaintiff Jamaul Rankin is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 8, at FCC Yazoo City.  At various times within the last six years, plaintiff Rankin has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Rankin is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Rankin worked in D-3, I-1, Special Housing Unit and the Camp at FCC Yazoo City, at various times throughout the pandemic all of the aforementioned units were designated quarantine areas. Plaintiff Rankin worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Additionally, plaintiff Rankin did not receive any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Rankin contracted COVID-19.

309.    Plaintiff David Ratliff is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 7, at FCC Yazoo City.  At various times within the last six years, plaintiff Ratliff has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Ratliff is entitled to "hazardous duty pay" for each such day.

310.    Plaintiff Charles Ray, Jr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Counselor, GS-9, Step 7, at FCC Yazoo City.  At various times within the

last six years, plaintiff Ray has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Ray is entitled to "hazardous duty pay" for each such day.

311.    Plaintiff Sheneka Ray is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Unit Secretary, GS-6, Step 2, at FCC Yazoo City.  At various times within the last six years, plaintiff Ray has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Ray is entitled to "hazardous duty pay" for each such day.

312.    Plaintiff Jay Reed is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 3, at FCC Yazoo City.  At various times within the last six years, plaintiff Reed has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Reed is entitled to "hazardous duty pay" for each such day.

313.    Plaintiff Detravia Richardson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCC Yazoo City.  At various times within the last six years, plaintiff Richardson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Richardson is entitled to "hazardous duty pay" for each such day.

314.    Plaintiff Seandria Richardson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a

General Schedule Captain's Secretary, GS-6, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff Richardson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Richardson is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Richardson worked in A-1, A-2, A-3, A-4, B-3, B-4, C-1, C-2, C-3, C-4 the Special Housing Unit, Control, Front Office and Visitation at FCC Yazoo City all of which were designated quarantine areas. Plaintiff Richardson worked multiple overtime shifts during the pandemic further exposing her to the novel corona virus. Additionally, plaintiff Richardson did not receive any memo advising her of possible or actual exposure to the novel corona virus, and plaintiff Richardson contracted COVID-19.

315.    Plaintiff Willie Richardson, Jr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Recreational Specialist, GS-9, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff Richardson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Richardson is entitled to "hazardous duty pay" for each such day.

316.    Plaintiff Christopher Riley is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer. GS-7, Step 3. At various times within the last six years, plaintiff Riley has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Riley is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Riley worked in various housing units at FCC Yazoo City several of which were designated

quarantine areas throughout the pandemic. Plaintiff Riley worked multiple overtime shifts during the pandemic further exposing him to the novel corona virus. Additionally, plaintiff Riley received at least one memo advising him of possible or actual exposure to the novel corona virus.

317.    Plaintiff Brenda Robinson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Senior Officer Specialist, GS-7, Step 9, at FCC Yazoo City.  At various times within the last six years, plaintiff Robinson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Robinson is entitled to "hazardous duty pay" for each such day.

318.    Plaintiff Damarcus Robinson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCC Yazoo City.  At various times within the last six years, plaintiff Robinson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Robinson is entitled to "hazardous duty pay" for each such day.

319.    Plaintiff Crystal Robles is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Medication Technician, GS-6, Step 3, at FCC Yazoo City.  At various times within the last six years, plaintiff Robles has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Robles is entitled to "hazardous duty pay" for each such day.

320.    Plaintiff Samuel Rogers is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General

Schedule Case Manager, GS-11, Step 10, at FCC Yazoo City.  At various times within the last

six years, plaintiff Rogers has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below,

plaintiff Rogers is entitled to "hazardous duty pay" for each such day. At all times relevant

herein, plaintiff Rogers worked in I-1, J-1, N-1, N-2 at FCC Yazoo City, at various times

throughout the pandemic I-1 was designated as a quarantine unit. Plaintiff Rogers worked

overtime in hospitals and performing prisoner transportation, where he was further exposed to

the novel corona virus. Additionally, plaintiff Rogers received at least one memo advising him of

possible or actual exposure to the novel corona virus, and plaintiff Rogers contracted COVID-19.

321.    Plaintiff Manuel Rosario is an employee of Defendant United States of America pursuant

to Title 5 of the United States Code and the FLSA.  He is currently employed as a General

Schedule Correctional Officer, GS-7, Step 4, at FCC Yazoo City.  At various times within the

last six years, plaintiff Rosario has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below,

plaintiff Rosario is entitled to "hazardous duty pay" for each such day.

322.    Plaintiff Patrick Ross is an employee of Defendant United States of America pursuant

to Title 5 of the United States Code and the FLSA. He is currently employed as a General

Schedule Quality Assurance Specialist, GS-11, Step 4, at FCC Yazoo City. At various times

within the last six years, plaintiff Ross has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as

detailed below, plaintiff Ross is entitled to "hazardous duty pay" for each such day. At all times

relevant herein, plaintiff Ross worked in the B-1, B-2, C-1, C-2 and the Special Housing Unit at

FCC Yazoo City all of which were designated quarantine units. Plaintiff Ross worked multiple

overtime shifts during the pandemic further exposing him to the novel corona virus. Additionally, plaintiff Ross did not receive any memos advising him or possible or actual exposure to the novel corona virus.

323.    Plaintiff Tymisha Rouse is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Health Services Assistant, GS-7, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff Rouse has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Rouse is entitled to "hazardous duty pay" for each such day.

324.    Plaintiff Tracey Rubiola is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Special Investigative Services Technician, GS-8, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff Rubiola has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Rubiola is entitled to "hazardous duty pay" for each such day.

325.    Plaintiff Garret Salassi is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-8, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff Salassi has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Salassi is entitled to "hazardous duty pay" for each such day.

326.     Plaintiff Oliver Sampson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Maintenance Worker Supervisor, WS-8, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff Sampson has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Sampson is entitled to "environmental differential pay" for each such day.

327.     Plaintiff Hector Santana is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Material Handler Supervisor, WS-4, Step 5, at FCC Yazoo City.  At various times within the last six years, plaintiff Santana has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Santana is entitled to "environmental differential pay" for each such day.

328.     Plaintiff Charles Scott is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCC Yazoo City.  At various times within the last six years, plaintiff Scott has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Scott is entitled to "hazardous duty pay" for each such day.

329.     Plaintiff Christopher Scott is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 6, at FCC Yazoo City.  At various times

within the last six years, plaintiff Scott has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Scott is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Christopher Scott worked in I-1, I-2, J-1, J-2, K-1, K-2, L-1, L-2, M-1, M-2, N-1, N-2, and Special Housing Units at FCC Yazoo City, including the Special Housing Unit, I-1, and I-2 designated quarantine areas. Plaintiff Christopher Scott worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Christopher Scott never received memos advising him of possible or actual exposure to the novel corona virus.

330.    Plaintiff John Scott, Jr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade Maintenance Worker Supervisor, WS-8, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Scott has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Scott is entitled to "environmental differential pay" for each such day.

331.    Plaintiff Willie L. Scott is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-8, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Scott has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Scott is entitled to "hazardous duty pay" for each such day.

332.    Plaintiff Willie T. Scott is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-7, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Scott has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Scott is entitled to "hazardous duty pay" for each such day.

333.    Plaintiff Raphael Searight is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Drug Treatment Specialist, GS-11, Step 10, at FCC Yazoo City. At various times within the last six years, plaintiff Searight has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Searight is entitled to "hazardous duty pay" for each such day.

334.    Plaintiff Larry Shackleford is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-8, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Shackleford has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Shackleford is entitled to "hazardous duty pay" for each such day.

335.    Plaintiff Tiffany Shaffer is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCC Yazoo City. At various times within the last six years, plaintiff Shaffer has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Shaffer is entitled to "hazardous duty pay" for each such day.

336.    Plaintiff Joe Shelby, Jr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff Shelby has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Shelby is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Joe Shelby Jr. worked in Low Alpha and Bravo housing units at FCC Yazoo City, including the Charlie Lower designated quarantine area. Plaintiff Joe Shelby Jr. received memos advising his of possible or actual exposure to the novel corona virus.

337.    Plaintiff Lynika Shelby is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Religious Services Assistant, GS-7, Step 6, at FCC Yazoo City.  At various times within the last six years, plaintiff Shelby has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Shelby is entitled to "hazardous duty pay" for each such day.

338.    Plaintiff Queydreka Shumpert is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Drug Treatment Specialist, GS-11, Step 7, at FCC Yazoo City.  At various times within the last six years, plaintiff Shumpert has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Shumpert is entitled to "hazardous duty pay" for each such day.

339.    Plaintiff John Simmons, III is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 5, at FCC Yazoo City.  At various times within the last six years, plaintiff Simmons has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Simmons is entitled to "hazardous duty pay" for each such day.

340.    Plaintiff Ronnie Sims is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade HVAC Foreman, WS-9, Step 5, at FCC Yazoo City.  At various times within the last six years, plaintiff Sims has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Sims is entitled to "environmental differential pay" for each such day.

341.    Plaintiff Shomari Smiley is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Unit Secretary, GS-6, Step 8, at FCC Yazoo City.  At various times within the last six years, plaintiff Smiley has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Smiley is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Smiley worked in Delta I-4 Medium, Alpha I-4 Low, and Charlie I-4 Low housing units at FCC Yazoo City, including the Delta I-4 Medium, Alpha I-4 Low, and Charlie I-4 Low designated quarantine areas.  Plaintiff Smiley worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Smiley received memos advising her of possible or actual exposure to the novel corona virus.

342.    Plaintiff Allen Smith is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Operations Lieutenant, GS-11, Step 6, at FCC Yazoo City.  At various times within the last six years, plaintiff Smith has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Smith is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Allen Smith worked in all the USP housing units at FCC Yazoo City, at various times throughout the pandemic the I-1, I-2 and Special Housing Units were designated quarantine areas. Plaintiff Allen Smith worked multiple overtime shifts during the pandemic where he was further exposed to the novel corona virus. Additionally, plaintiff Allen Smith received at least one memo advising him of possible or actual exposure to the novel corona virus.

343.    Plaintiff Joshua Smith is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-8, Step 9, at FCC Yazoo City.  At various times within the last six years, plaintiff Smith has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Smith is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Joshua Smith worked in the I-1, I-2, I-3, I-4 at FCC Yazoo City, at various times throughout the pandemic the I-1 and I-2 units were designated quarantine areas. Plaintiff Joshua Smith worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Additionally, plaintiff Joshua Smith did not receive any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Joshua Smith contracted COVID-19.

344.    Plaintiff Latoya Smith is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-7, Step 4, at FCC Yazoo City.  At various times within the last six years, plaintiff Smith has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Smith is entitled to "hazardous duty pay" for each such day.

345.    Plaintiff Lorenzo Smith is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Utility System Repairer Operator, WS-8, Step 5, at FCC Yazoo City.  At various times within the last six years, plaintiff Smith has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Smith is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Lorenzo Smith worked in the Power House at FCC Yazoo City. Plaintiff Lorenzo Smith worked multiple overtime shifts during the pandemic further exposing him to the novel corona virus. Additionally, plaintiff Lorenzo Smith did not receive any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Lorenzo Smith contracted COVID-19.

346.    Plaintiff Mickell Smith, Jr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Material Handler Supervisor, WS-4, Step 4, at FCC Yazoo City.  At various times within the last six years, plaintiff Smith has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Smith is entitled to "environmental differential pay"

for each such day. At all times relevant herein, plaintiff Mickell Smith Jr. worked in the I-1, I-2, J-1, J-2, K-1, K-2, L-1, L-2, M-1, M-2, N-1, N-2 at FCC Yazoo City, at various times throughout the pandemic I-1 and I-2 were designated quarantine areas. Additionally, plaintiff Mickell Smith Jr. did receive at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Mickell Smith Jr. contracted COVID-19.

347.    Plaintiff Shanquilla Smith is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Treatment Specialist, GS-7, Step 8, at FCC Yazoo City.  At various times within the last six years, plaintiff Smith has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Smith is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff S. Smith worked in the M, J, K, N units at FCC Yazoo City, of which she worked in the I-1 unit which was designated a quarantine area. Plaintiff S. Smith worked multiple overtime shifts during the pandemic further exposing her to the novel corona virus. Additionally, plaintiff S. Smith did not receive any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff S. Smith contracted COVID-19.

348.    Plaintiff Sheena Smith is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-7, Step 6, at FCC Yazoo City.  At various times within the last six years, plaintiff Smith has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Smith is entitled to "hazardous duty pay" for each such day.

349.    Plaintiff James Snyder is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Unit Manager, GS-13, Step 6, at FCC Yazoo City.  At various times within the last six years, plaintiff Snyder has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Snyder is entitled to "hazardous duty pay" for each such day.

350.    Plaintiff Josette Snyder is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Unit Manager, GS-12, Step 9, at FCC Yazoo City.  At various times within the last six years, plaintiff Snyder has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Snyder is entitled to "hazardous duty pay" for each such day.

351.    Plaintiff Ricky Spearman is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff Spearman has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Spearman is entitled to "hazardous duty pay" for each such day.

352.    Plaintiff Darrell Sproles is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Warehouse Supervisor, WS-4, Step 3, at FCC Yazoo City.  At various times within the last six years, plaintiff Sproles has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and

therefore, as detailed below, plaintiff Sproles is entitled to "environmental differential pay" for each such day.

353.    Plaintiff Angela Stampley is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCC Yazoo City.  At various times within the last six years, plaintiff Stampley has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Stampley is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Stampley worked in the I-1, I-2, J-1, J-2, K-1, K-2, N-1, N-2, M-1, M-2, L-1, L-2 at FCC Yazoo City, of which the I-1, I-2 and Special Housing Unit were designated quarantine areas. Plaintiff Stampley worked multiple overtime shifts during the pandemic where she was further exposed to the novel corona virus. Additionally, plaintiff Stampley did not receive any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Stampley contracted COVID-19.

354.    Plaintiff Gordon Stanley is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 5, at FCC Yazoo City.  At various times within the last six years, plaintiff Stanley has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Stanley is entitled to "environmental differential pay" for each such day.

355.    Plaintiff Yvonne Stephens is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a

General Schedule Special Learning Needs Teacher, GS-11, Step 5, at FCC Yazoo City.  At various times within the last six years, plaintiff Stephens has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Stephens is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Stephens worked in I-1, J-1, J-2, K-1, K-2, L-1, L-2, M-1, M-2, N-1, and N-2 housing units at FCC Yazoo City, including the I-1 and Special Housing Unit designated quarantine areas.  Plaintiff Stephens worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Stephens never received memos advising her of possible or actual exposure to the novel corona virus.

356.    Plaintiff Ronald Stevenson, II is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCC Yazoo City.  At various times within the last six years, plaintiff Stevenson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Stevenson is entitled to "hazardous duty pay" for each such day.

357.    Plaintiff Sidney Stevenson, Jr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff Stevenson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Stevenson is entitled to "hazardous duty pay" for each such day.

358.    Plaintiff Quanesha Stewart is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a

General Schedule Correctional Officer, GS-6, Step 2, at FCC Yazoo City.  At various times within the last six years, plaintiff Stewart has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Stewart is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Stewart worked in the I-1, I-2, J-1, J-2, K-1, K-2, N-1, N-2, M-1, M-2, L-1 ,L-2 at FCC Yazoo City of which the I-1 and I-2 units were designated quarantine areas. Plaintiff Stewart worked multiple overtime shifts during the pandemic where she was further exposed to the novel corona virus. Additionally, plaintiff Stewart did not receive any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Stewart contracted COVID-19.

359.    Plaintiff Conelous Stiff, Jr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade General Maintenance Supervisor, WS-8, at FCC Yazoo City.  At various times within the last six years, plaintiff Stiff has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Stiff is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Stiff Jr. worked in the all-housing units at FCC Yazoo City, at various times throughout the pandemic the D-3, D-4, I-1, I-2, 1A Upper, 1B Lower, 3A Upper, 3B Lower and Special Housing Units were designated quarantine areas. Plaintiff Stiff worked multiple overtime shifts during the pandemic where he was further exposed to the novel corona virus. Additionally, plaintiff Stiff Jr. did not receive any memos advising him of possible or actual exposure to the novel corona virus.

360.    Plaintiff Jacqueline Stokes is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a Correctional Treatment Specialist, GS 7, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Stokes has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Stokes is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Jacqueline Stokes worked in the Charlie, November, Special Housing, and Hospital Posts at FCC Yazoo City, at various times throughout the pandemic the Special Housing Unit and the Charlie unit were designated quarantine areas. Plaintiff Jacqueline Stokes worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus. Additionally, plaintiff Jacqueline Stokes did not receive any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Jacqueline Stokes contracted COVID-19.

361.    Plaintiff Jenny Stokes is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 7, at FCC Yazoo City.  At various times within the last six years, plaintiff Stokes has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Stokes is entitled to "hazardous duty pay" for each such day.

362.    Plaintiff Andrea Stowers is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a Wage Grade Cook Foreman Supervisor, WS-8, Step 5, at FCC Yazoo City.  At various times within the last six years, plaintiff Stowers has been required to perform duties involving unusually severe

working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Stowers is entitled to "environmental differential pay" for each such day.

363.    Plaintiff NeTwaski Strong is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCC Yazoo City.  At various times within the last six years, plaintiff Strong has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Strong is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff NeTwaski Strong worked in A-3, A-4, B-1, B-2, B-3, B-4, and C-3 housing units at FCC Yazoo City, including all the designated Low quarantine areas.  Plaintiff NeTwaski Strong worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff NeTwaski Strong never received memos advising him of possible or actual exposure to the novel corona virus.

364.    Plaintiff Reid Sumrall is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 5, at FCC Yazoo City.  At various times within the last six years, plaintiff Sumrall has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Sumrall is entitled to "hazardous duty pay" for each such day.

365.    Plaintiff Tierre Swan is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Assistant Security Officer, GS-9, Step 7, at FCC Yazoo City.  At various times within

the last six years, plaintiff Swan has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Swan is entitled to "hazardous duty pay" for each such day.

366.    Plaintiff LaOnei Swearengen is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a Wage Grade Fabric Worker Supervisor, WS-7, Step 5, at FCC Yazoo City.  At various times within the last six years, plaintiff Swearengen has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Swearengen is entitled to "environmental differential pay" for each such day.

367.    Plaintiff Danny Sylvester is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Cook Foreman, WS-8, Step 4, at FCC Yazoo City.  At various times within the last six years, plaintiff Sylvester has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Sylvester is entitled to "environmental differential pay" for each such day.

368.    Plaintiff Carlos Tate is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Contract Specialist, GS-9, Step 1, at FCC Yazoo City.  At various times within the last six years, plaintiff Tate has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Tate is entitled to "hazardous duty pay" for each such day.

369.    Plaintiff Jacqueline Taylor is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Counselor, GS-9, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff Taylor has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Taylor is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff J. Taylor worked in A-1, A-3, A-4, B-1, B-2, B-3, B-4, C-1, C-2, C-3, D-1, D-2, D-3, D-4 and Camp at FCC Yazoo City of which the D-3 and D-4 and several others were designated quarantine areas during the pandemic. Plaintiff J. Taylor worked multiple overtime shifts during the pandemic further exposing her to the novel corona virus. Additionally, plaintiff J. Taylor received at least one memo advising her of possible or actual exposure to the novel corona virus, and plaintiff Taylor contracted COVID-19.

370.    Plaintiff Jermy Taylor is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCC Yazoo City.  At various times within the last six years, plaintiff Taylor has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Taylor is entitled to "hazardous duty pay" for each such day.

371.    Plaintiff Joan Taylor is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a Wage Grade Cook Foreman, WS-8, Step 2, at FCC Yazoo City.  At various times within the last six years, plaintiff Taylor has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and

therefore, as detailed below, plaintiff Taylor is entitled to "environmental differential pay" for each such day.

372.    Plaintiff Kalonji Taylor is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-8, Step 6, at FCC Yazoo City.  At various times within the last six years, plaintiff Taylor has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Taylor is entitled to "hazardous duty pay" for each such day.

373.    Plaintiff Sheketric Taylor is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-8, Step 7, at FCC Yazoo City.  At various times within the last six years, plaintiff Taylor has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Taylor is entitled to "hazardous duty pay" for each such day.

374.    Plaintiff Tomasinia Taylor is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Medication Technician, GS-6, Step 1, at FCC Yazoo City.  At various times within the last six years, plaintiff Taylor has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Taylor is entitled to "hazardous duty pay" for each such day.

375.    Plaintiff Khalia Terry is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Unit Secretary, GS-6, Step 2, at FCC Yazoo City.  At various times within the last six

years, plaintiff Terry has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Terry is entitled to "hazardous duty pay" for each such day.

376.    Plaintiff Luci Thigpen is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 5, at FCC Yazoo City.  At various times within the last six years, plaintiff Thigpen has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Thigpen is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Thigpen worked in Food Services at FCC Yazoo City, including the designated quarantine areas.  Plaintiff Thigpen worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Thigpen received memos advising her of possible or actual exposure to the novel corona virus.

377.    Plaintiff Broderick Thomas is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-8, Step 8, at FCC Yazoo City.  At various times within the last six years, plaintiff Thomas has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Thomas is entitled to "hazardous duty pay" for each such day.

378.    Plaintiff Tarshauna Thomas is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Senior Officer Specialist, GS-7, Step 3, at FCC Yazoo City.  At various times within the last six years, plaintiff Thomas has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Thomas is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff T. Thomas worked in the in the A-1, A-3, Camp 2, B-1, C-3 and Special Housing Unit all of which were designated quarantine areas at various times during the pandemic. Plaintiff T. Thomas worked multiple overtime shifts during the pandemic further exposing her to the novel corona virus. Additionally, plaintiff T. Thomas did not receive any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff T. Thomas contracted COVID-19.

379.    Plaintiff TaShoney Thompson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 7, at FCC Yazoo City.  At various times within the last six years, plaintiff Thompson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Thompson is entitled to "hazardous duty pay" for each such day.

380.    Plaintiff Lesley Tiggs is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 6, at FCC Yazoo City.  At various times within the last six years, plaintiff Tiggs has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Tiggs is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Tiggs worked in the Special Housing Unit at FCC Yazoo which was a designated quarantine area. Plaintiff Tiggs worked multiple overtime shifts during the pandemic further exposing her to the novel corona virus. Additionally, plaintiff Tiggs did not receive any memos

advising her of possible or actual exposure to the novel corona virus, and plaintiff Tiggs contracted COVID-19.

381.    Plaintiff VeCarlos Tillman is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 4, at FCC Yazoo City.  At various times within the last six years, plaintiff Tillman has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Tillman is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Tillman worked in I-1, I-2, J-1, J-2, K-1, K-2, L-2, M-1, M-2, N-1, N-2, and Special Housing Units at FCC Yazoo City, including the I-1, I-2, and Special Housing Unit designated quarantine areas.  Plaintiff Tillman worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Tillman never received memos advising him of possible or actual exposure to the novel corona virus.

382.    Plaintiff Monterrious Townsend is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 6, at FCC Yazoo City.  At various times within the last six years, plaintiff Townsend has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Townsend is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Townsend worked in B-3, Low Special Housing Unit, I-1, D-3, USP Special Housing Unit, Medium Special Housing Unit, and B-1 at FCC Yazoo City, including the D-3, I-1, and Special Housing Unit designated quarantine areas.  Plaintiff Townsend worked multiple overtime shifts, where he was further exposed to the novel corona

virus.  Plaintiff Townsend never received memos advising him of possible or actual exposure to the novel corona virus.

383.    Plaintiff John Trammell is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade General Maintenance Supervisor, WS-8, Step 5, at FCC Yazoo City.  At various times within the last six years, plaintiff Trammell has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Trammell is entitled to "environmental differential pay" for each such day.

384.    Plaintiff Edward Trotter is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff Trotter has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Trotter is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Trotter worked in Medical, Compound-1, D-3, and D-4 housing units at FCC Yazoo City, including the D-3, and D-4 designated quarantine areas.  Plaintiff Trotter worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Trotter never received memos advising him of possible or actual exposure to the novel corona virus.

385.    Plaintiff Shandrick Tucker is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 9, at FCC Yazoo City.  At various times

within the last six years, plaintiff Tucker has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Tucker is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Tucker worked in the Satellite Camp at FCC Yazoo City. Plaintiff Tucker worked multiple overtime shifts during the pandemic further exposing him to the novel corona virus. Additionally, plaintiff Tucker did not receive any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Tucker contracted COVID-19.

386.    Plaintiff Reginald Tyler is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff Tyler has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Tyler is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Reginald Tyler worked in the A-1, A-2, A-3, A-4, B-1, B-2, B-3, B-4, C-1, C-2, C-3, C-4, D-2 and Camp at FCC Yazoo City, at various times throughout the pandemic A-1, A-2, A-3, A-4, B-1, B-2, B-3, B-4, C-1, C-2, C-3, C-4, D-2 were designated quarantine areas. Plaintiff Reginald Tyler worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus. Additionally, plaintiff Reginald Tyler did not receive any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Reginald Tyler contracted COVID-19.

387.    Plaintiff Sheena Tyler is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 7, at FCC Yazoo City.  At various times within

the last six years, plaintiff Tyler has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Tyler is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Sheena Tyler worked in the I, J, K, L, M, N, and Special Housing Units at FCC Yazoo City, at various times throughout the pandemic the I-1, I-2 and Special Housing Units were designated quarantine units. Plaintiff Sheena Tyler worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus. Additionally, plaintiff Sheena Tyler did not receive any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Sheena Tyler contracted COVID-19.

388.    Plaintiff Keiandra Tyler-Clark is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 5, at FCC Yazoo City.  At various times within the last six years, plaintiff Tyler-Clark has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Tyler-Clark is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Tyler-Clark worked in Food Services at FCC Yazoo City. Plaintiff Tyler-Clark worked multiple overtime shifts further exposing her to the novel corona virus. Additionally, plaintiff Tyler-Clark did not receive any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Tyler-Clark contracted COVID-19.

389.    Plaintiff Katon Varnado is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Reentry Affairs Coordinator, GS-11, Step 10, at FCC Yazoo City.  At various times

within the last six years, plaintiff Varnado has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Varnado is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Varnando worked in A-3, I-1, J-1, L-2, M-2 units at FCC Yazoo City, at various times throughout the pandemic the I-1 unit was designated as a quarantine area. Additionally, plaintiff Varnando did receive at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Varnando contracted COVID-19.

390.    Plaintiff Patrick Veal is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Material Handler Supervisor, WS-4, Step 5, at FCC Yazoo City.  At various times within the last six years, plaintiff Veal has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Veal is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Veal worked in J A-1, A-2, A-3, A-4, B-1, B-2, B-3, B-4, C-1, C-2, C-3, C-4, J-1, J-2, M-1, M-2, N-1, N-2, and Low housing units at FCC Yazoo City, including the I-1, I-2, and Special Housing Unit designated quarantine areas. Plaintiff Veal worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Veal received memos advising his of possible or actual exposure to the novel corona virus and plaintiff Veal contracted COVID-19.

391.    Plaintiff Lakeshia Walden is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Complex Captain's Secretary, GS-6, Step 2, at FCC Yazoo City.  At various times within the last six years, plaintiff Walden has been required to perform duties involving

unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Walden is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Walker worked in J-2 housing unit at FCC Yazoo City. Plaintiff Walker worked multiple overtime shifts, where she was further exposed to the novel corona virus. Plaintiff Walker never received memos advising her of possible or actual exposure to the novel corona virus.

392. Plaintiff Latoya Walker is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Unit Secretary, GS-5, Step 1, at FCC Yazoo City. At various times within the last six years, plaintiff Walker has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Walker is entitled to "hazardous duty pay" for each such day.

393. Plaintiff Chris Walls is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade Material Handler, WS-4, Step 4, at FCC Yazoo City. At various times within the last six years, plaintiff Walls has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Walls is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Walls worked in the BPT Hospital, all Low Institutions units and USP instruction and Meclin at FCC Yazoo City the units at the Low institution were designated quarantine units. Plaintiff Walls worked multiple overtime shifts as well as hospital transports where he was further exposed to the novel corona virus. Plaintiff

Walls received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Walls contracted COVID-19.

394.    Plaintiff Sheena Warner is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 1, at FCC Yazoo City.  At various times within the last six years, plaintiff Warner has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Warner is entitled to "hazardous duty pay" for each such day.

395.    Plaintiff Kieran Warren is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCC Yazoo City.  At various times within the last six years, plaintiff Warren has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Warren is entitled to "hazardous duty pay" for each such day.

396.    Plaintiff Cody Warrington is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 4, at FCC Yazoo City.  At various times within the last six years, plaintiff Warrington has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Warrington is entitled to "hazardous duty pay" for each such day.

397.    Plaintiff Kevin Washington is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Case Manager, GS-11, Step 9, at FCC Yazoo City.  At various times within

the last six years, plaintiff Washington has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as

detailed below, plaintiff Washington is entitled to "hazardous duty pay" for each such day.

398.    Plaintiff Cardell Weaver is an employee of Defendant United States of America pursuant

to Title 5 of the United States Code and the FLSA.  He is currently employed as a General

Schedule Correctional Officer, GS-8, Step 9, at FCC Yazoo City.  At various times within the

last six years, plaintiff Weaver has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below,

plaintiff Weaver is entitled to "hazardous duty pay" for each such day.

399.    Plaintiff Barbara Webb is an employee of Defendant United States of America pursuant

to Title 5 of the United States Code and the FLSA.  She is currently employed as a General

Schedule Case Manager, GS-9, Step 5, at FCC Yazoo City.  At various times within the last six

years, plaintiff Webb has been required to perform duties involving unusual physical hardship

and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff

Webb is entitled to "hazardous duty pay" for each such day.

400.    Plaintiff James Webb is an employee of Defendant United States of America pursuant to

Title 5 of the United States Code and the FLSA.  He is currently employed as a General

Schedule Lieutenant, GS-11, Step 4, at FCC Yazoo City.  At various times within the last six

years, plaintiff Webb has been required to perform duties involving unusual physical hardship

and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff

Webb is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff

James Webb worked in all the USP housing units including the I-1 and I-2 housing units at FCC

Yazoo City, at various times throughout the pandemic the I-1, I-2 and Special Housing Unit were

designated quarantine areas. Plaintiff James Webb worked multiple overtime shifts during the pandemic where he was further exposed to the novel corona virus. Additionally, plaintiff James Webb received at least one memo advising him of possible or actual exposure to the novel corona virus.

401.    Plaintiff Brad Wells is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Utility Supervisor, WS-8, Step 5, at FCC Yazoo City.  At various times within the last six years, plaintiff Wells has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Wells is entitled to "environmental differential pay" for each such day.

402.    Plaintiff Ricky Wells is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 8, at FCC Yazoo City.  At various times within the last six years, plaintiff Wells has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Wells is entitled to "hazardous duty pay" for each such day.

403.    Plaintiff Bernard Wesley is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 9, at FCC Yazoo City.  At various times within the last six years, plaintiff Wesley has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Wesley is entitled to "hazardous duty pay" for each such day.

404.    Plaintiff Jamar West is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-8, Step 5, at FCC Yazoo City.  At various times within the last six years, plaintiff West has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff West is entitled to "hazardous duty pay" for each such day.

405.    Plaintiff Miranda Westbrook is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Counselor, GS-9, Step 9, at FCC Yazoo City.  At various times within the last six years, plaintiff Westbrook has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Westbrook is entitled to "hazardous duty pay" for each such day.

406.    Plaintiff Stephen Whaley is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Safety Specialist, GS-9, Step 1, at FCC Yazoo City.  At various times within the last six years, plaintiff Whaley has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Whaley is entitled to "hazardous duty pay" for each such day.

407.    Plaintiff Tara Wheatley is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-11, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff Wheatley has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Wheatley is entitled to "hazardous duty pay" for each such day.

408.    Plaintiff Marlon Whisenton is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade Utility Systems Repairer Operator Supervisor, WS-8, Step 5, at FCC Yazoo City. At various times within the last six years, plaintiff Whisenton has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Whisenton is entitled to "environmental differential pay" for each such day.

409.    Plaintiff Brian White is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade Electrical Foreman, WS-9, Step 2, at FCC Yazoo City. At various times within the last six years, plaintiff White has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff White is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Brian White worked in all housing units at FCC Yazoo City, including the I-1 and I-2 designated quarantine areas. Plaintiff Brian White worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Brian White never received memos advising him of possible or actual exposure to the novel corona virus.

410.    Plaintiff Jeff White is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Vocational Training Instructor, GS-11, Step 10, at FCC Yazoo City. At various times

within the last six years, plaintiff White has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff White is entitled to "hazardous duty pay" for each such day.

411.    Plaintiff Leonard White, III is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 4, at FCC Yazoo City.  At various times within the last six years, plaintiff White has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff White is entitled to "environmental differential pay" for each such day.

412.    Plaintiff Tecola Whittaker is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a Wage Grade Material Handler Supervisor, WS-4, at FCC Yazoo City.  At various times within the last six years, plaintiff Whittaker has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Whittaker is entitled to "environmental differential pay" for each such day.

413.    Plaintiff Benjamin Wiles is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Engineering Technician, GS-11, Step 2, at FCC Yazoo City.  At various times within the last six years, plaintiff Wiles has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Wiles is entitled to "hazardous duty pay" for each such day.

414.    Plaintiff Anthony Williams is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Case Manager, GS-11, Step 4, at FCC Yazoo City.  At various times within the last six years, plaintiff Williams has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Williams is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Anthony Williams worked as the Echo Case Unit Manager at FCC Yazoo City, at various times the Echo Unit was designated as a quarantine area. Plaintiff Anthony William also worked multiple overtime shifts further exposing him to the novel corona virus. Additionally, plaintiff Anthony Williams received at least one memo advising him of possible or actual exposure to the novel corona virus.

415.    Plaintiff Braylon Williams is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCC Yazoo City.  At various times within the last six years, plaintiff Williams has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Williams is entitled to "hazardous duty pay" for each such day.

416.    Plaintiff Carvika Williams is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-8, Step 5, at FCC Yazoo City.  At various times within the last six years, plaintiff Williams has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Williams is entitled to "hazardous duty pay" for each such day. At all

times relevant herein, plaintiff Carvika Williams worked in L-1, L-2, N-1, N-2, M-1, M-2, I-1, I-2, T-1, T-2 K-1, K-2 and the Special Housing Unit at FCC Yazoo City of which the I-1 and I-2 were designated quarantine areas. Plaintiff Carvika Williams worked multiple overtime shifts during the pandemic further exposing them to the novel corona virus. Additionally, plaintiff Carvika Williams did not receive any memos advising them of possible or actual exposure to the novel corona virus, and plaintiff Carvika Williams contracted COVID-19.

417.    Plaintiff Chris Williams is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-8, Step 8, at FCC Yazoo City.  At various times within the last six years, plaintiff Williams has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Williams is entitled to "hazardous duty pay" for each such day.

418.    Plaintiff Curtis Williams is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Sports Specialist, GS-9, Step 4, at FCC Yazoo City.  At various times within the last six years, plaintiff Williams has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Williams is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Curtis Williams worked in D-1, D-2, D-3, E-1, E-2, E-3, E-4, F-1, F-2, F-3, F-4 and the Special Housing Unit at FCC Yazoo City of which the D-3, D-4 and Special Housing Unit were designated quarantine areas. Plaintiff Curtis Williams worked multiple overtime shifts during the pandemic further exposing him to the novel corona virus. Additionally, plaintiff

Williams did not receive any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Curtis Williams contracted COVID-19.

419.    Plaintiff Donterus Williams is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCC Yazoo City.  At various times within the last six years, plaintiff Williams has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Williams is entitled to "hazardous duty pay" for each such day.

420.    Plaintiff Dwuan Williams is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff Williams has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Williams is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Dwuan Williams worked in the f-1, E-1, and Special Housing Units at FCC Yazoo City, including the Special Housing Unit designated quarantine area. Plaintiff Dwuan Williams worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Dwuan Williams never received memos advising him of possible or actual exposure to the novel corona virus.

421.    Plaintiff Helena Williams is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Unit Secretary, GS-5, Step 1, at FCC Yazoo City.  At various times within the last six years, plaintiff Williams has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Williams is entitled to "hazardous duty pay" for each such day.

422.    Plaintiff Jacqueline Williams is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 8, at FCC Yazoo City.  At various times within the last six years, plaintiff Williams has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Williams is entitled to "hazardous duty pay" for each such day.

423.    Plaintiff Jason Williams is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 7, at FCC Yazoo City.  At various times within the last six years, plaintiff Williams has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Williams is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Jason Williams worked in G-4, B-4, I-1, I-2, J-1, J-2, K-1, K-2, L-1, L-2, M-1, M-2, N-1, N-2 at FCC Yazoo City several of which were designated quarantine areas throughout the pandemic. Plaintiff Jason Williams worked multiple overtime shifts during the pandemic further exposing him to the novel corona virus. Additionally, plaintiff Jason Williams did receive at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Jason Williams contracted COVID-19.

424.    Plaintiff John Williams is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCC Yazoo City.  At various times within

the last six years, plaintiff Williams has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Williams is entitled to "hazardous duty pay" for each such day.

425.    Plaintiff Johnny Williams is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-8, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff Williams has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Williams is entitled to "hazardous duty pay" for each such day.

426.    Plaintiff Khe'Amber Williams is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 6, at FCC Yazoo City.  At various times within the last six years, plaintiff Williams has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Williams is entitled to "hazardous duty pay" for each such day.

427.    Plaintiff Ronnie Williams, Jr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 7, at FCC Yazoo City.  At various times within the last six years, plaintiff Williams has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Williams is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Ronnie Williams Jr. worked in all Low housing units including the Special Housing Unit at FCC Yazoo City, at various times throughout the pandemic the Low

housing units were designated quarantine areas. Plaintiff Ronnie Williams Jr. worked multiple overtime shifts during the pandemic where he was further exposed to the novel corona virus. Additionally, plaintiff Ronnie Williams Jr. received at least one memo advising him of possible or actual exposure to the novel corona virus.

428.    Plaintiff Stephanie Williams is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-8, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff Williams has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Williams is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Stephanie Williams worked in the D-3 and D-4 housing units at FCC Yazoo City, including the D-3, D-4, and I designated quarantine areas.  Plaintiff Stephanie Williams worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Stephanie Williams received memos advising her of possible or actual exposure to the novel corona virus.

429.    Plaintiff X'Zakaree Williams is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-6, Step 1, at FCC Yazoo City.  At various times within the last six years, plaintiff Williams has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Williams is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff X'Zakaree Williams worked in the Fox, Echo, and Delta in the Medium housing units at FCC Yazoo City, including the D-3, and D-4 designated quarantine

areas.  Plaintiff X'Zakaree Williams worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff X'Zakaree Williams never received memos advising her of possible or actual exposure to the novel corona virus.

430.    Plaintiff Candice Williamson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Counselor, GS-9, Step 10, at FCC Yazoo City.  At various times within the last six years, plaintiff Williamson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Williamson is entitled to "hazardous duty pay" for each such day.

431.    Plaintiff Katrina Wilson-Watson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Education Technician, GS-7, Step 2, at FCC Yazoo City.  At various times within the last six years, plaintiff Wilson-Watson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Wilson-Watson is entitled to "hazardous duty pay" for each such day.

432.    Plaintiff Theresa Woodard is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Drug Abuse Program Coordinator, GS-13, Step 3, at FCC Yazoo City.  At various times within the last six years, plaintiff Woodard has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Woodard is entitled to "hazardous duty pay" for each such day.

433.    Plaintiff Sandra Woods is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Safety Administrator, GS-12, Step 3, at FCC Yazoo City.  At various times within the last six years, plaintiff Woods has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Woods is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Woods worked in J-A, J-B, K-A, K-B, L-A, L-B, M-A, M-B, N-A, N-B, and Special Housing Units at FCC Yazoo City, including the Special Housing Unit designated quarantine area.  Plaintiff Barbara Davis worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Barbara Davis received memos advising her of possible or actual exposure to the novel corona virus.

434.    Plaintiff Adriana Wright is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-7, Step 4, at FCC Yazoo City.  At various times within the last six years, plaintiff Wright has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Wright is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Wright worked in D-4 and Special Housing Unit at FCC Yazoo City, including the Medium, D-4, and Special Housing Unit designated quarantine areas.  Plaintiff Wright worked multiple overtime shifts, where she was further exposed to the novel corona virus. Plaintiff Wright never received memos advising her of possible or actual exposure to the novel corona virus.

435.    Plaintiff Keosha Yates is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-7, Step 5, at FCC Yazoo City.  At various times within the last six years, plaintiff Yates has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Yates is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Yates worked in D-3, D-4, and E-3 housing units at FCC Yazoo City, including the D-3, D-4, I-1, and Special Housing Unit designated quarantine areas.  Plaintiff Yates worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Yates never received memos advising her of possible or actual exposure to the novel corona virus.

436.    Plaintiff April Young is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a Wage Grade Material Handler Supervisor, WS-4, Step 5, at FCC Yazoo City.  At various times within the last six years, plaintiff Young has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Young is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff April Young worked in the Charlie, Alpha, and Bravo in the Low housing units at FCC Yazoo City, including the Special Housing Unit and I-1 designated quarantine areas.  Plaintiff April Young worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff April Young received memos advising her of possible or actual exposure to the novel corona virus.

437.    Plaintiff Patrice Young is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General

Schedule Recreation Specialist, GS-9, Step 4, at FCC Yazoo City.  At various times within the last six years, plaintiff Young has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Young is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Patrice Young worked in D-1, D-2, D-3, D-4, E-1, E-2, E-3, E-4, F-1, F-2 and F-3 at FCC Yazoo City, at various times throughout the pandemic D-3, D-4 and the Special Housing Unit were designated quarantine areas. Additionally, plaintiff Patrice Young received at least one memo advising her of possible or actual exposure to the novel corona virus.

## FACTS

438.    At all times relevant herein, plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, et seq.

439.    At all times relevant herein, plaintiffs have been suffered or permitted to work, and have in fact worked, in excess of the hourly levels specified in the FLSA, 29 U.S.C. § 207.  As a result, at all times relevant herein, plaintiffs have been entitled to overtime compensation at a rate of not less than one and one-half times their regular rates of pay for the hours of overtime they have worked.

440.    FCC Yazoo City houses approximately 3,692 inmates[1] in a complex consisting of a low security institution and adjacent minimum-security satellite camp, a medium security institution, and a high-security United States Penitentiary.  Yazoo City's entire complex employs more than 800 BOP correctional staff who provide daily correctional services to inmates.

---

[1] FCC Yazoo City (bop.gov) (Last visited May 16, 2022).

441.    FCC Yazoo City learned of its first positive COVID-19 test result of an inmate on March 31, 2020.  Also on March 31, 2020, the first staff member at FCC Yazoo City tested positive for COVID-19.

442.    Unlike many Government employees, plaintiffs cannot work remotely, even during a pandemic.  This is because FCC Yazoo City must be physically staffed 24 hours per day, 365 days per year with correctional workers, including plaintiffs.

443.    Plaintiffs are charged with the primary job duty of maintaining the safety and security of the Institution at all times, in significant part by coming into close physical proximity with inmates and other correctional workers.

444.    The posts and/or positions to which plaintiffs have been assigned within the Institution involve prolonged, close-quarters exposure to coworkers and/or inmates, often in indoor or enclosed settings with inadequate ventilation or personal protective equipment.

445.    The housing units are different for each facility within the FCC.  At the Low, brick cylinders separate sleeping quarters housing 2-3 inmates per cubicle, with cubicles arranged in open bay dormitories.  The Camp consists of open bay dormitories with 2 inmates per open section.  At the Medium (FCI), cell blocks house 128 inmates in 2-man cells, and the USP consists of units housing approximately 120 inmates each, arranged in 2-man cells.

446.    Quarantine units varied depending on the institution within the FCC; at one point, the entirety of the Low was used as a designated Quarantine/Isolation area.

**The Novel Corona Virus 2019**

447.    COVID-19 is a disease caused by infection with the Novel Corona Virus SARS-CoV-2.

448.    The Virus spreads most commonly "between people who are in close contact with one another" through droplets and aerosols "produced when an infected person coughs, sneezes,

sings, talks, or breathes." *See* Ctrs. for Disease Control (CDC), Frequently Asked Questions, "Spread," https://www.cdc.gov/coronavirus/2019-ncov/faq.html#Spread. It "can also land on surfaces and objects and be transferred by touch." *Id.*

449.    SARS-CoV-2 is a virus which, when introduced to the body, is likely to cause serious disease or fatality.

The Centers for Diseases Control and Prevention ("CDC") has determined that COVID-19, the disease caused by the infection of SARS-CoV-2 meets the definition for "severe acute respiratory syndromes" as set forth in Executive Order 13295, as amended by Executive Orders 13375 and 13674, and, therefore, is a "quarantinable communicable disease."  See Office of Pers. Mgmt., CPM 2020-05, Coronavirus Disease 2019 (COVID-19): Additional Guidance (March 7, 2020), available at https://www.chcoc.gov/content/coronavirus-disease-2019-covid-19-additional-guidance.  COVID-19 can cause symptoms ranging from mild illness to severe illness.  See Coronavirus Disease 2019 (COVID-19), Symptoms of Coronavirus, CDC, https://www.cdc.gov/coronavirus/2019-ncov/symptoms-testing/symptoms.html (last visited June 3, 2021).

450.    COVID-19 is often fatal.  More than 4,098,758 people worldwide, including more than 603,000 in the United States, have died from COVID-19.  See Coronavirus disease (COVID-19) pandemic, World Health Organization ("WHO"), https://www.who.int/emergencies/diseases/novel-coronavirus-2019 (last visited June 24, 2021); Coronavirus Disease 2019 (COVID-19), Cases in the U.S., CDC, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last visited July 20, 2021).

451.    COVID-19 spreads "very easily from person to person" and has been characterized as a

pandemic by WHO.  Coronavirus Disease 2019 (COVID-19), How COVID-19 Spreads, CDC,

https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-covid-spreads.html (last

visited June 3, 2021).

452.    SARS-CoV-2 can be spread by touching infected objects or surfaces and by breathing

in areas where an infected person has coughed or exhaled.  As WHO explains, "the virus can

spread from an infected person's mouth or nose in small liquid particles when cough, sneeze,

speak, sing, or breathe heavily... The virus can also spread after infected people sneeze, cough

on, or touch surfaces, or objects, such as tables, doorknobs, and handrails."  Coronavirus disease

(COVID-19): How is it transmitted? (July 9, 2020), https://www.who.int/news-room/q-a-

detail/coronavirus-disease-covid-19-how-is-it-transmitted (open "How does COVID-19 spread

between people?") (Last updated Oct. 20, 2020).

453.    According to researchers at the National Institutes of Health, SARS-CoV-2 can persist

on surfaces for up to three (3) days.  Study suggests new coronavirus may remain on surfaces for

days, Nat'l Institutes of Health, https://www.nih.gov/news-events/nih-research-matters/study-

suggests-new-coronavirus-may-remain-surfaces-days (Mar. 24, 2020).  Accordingly, contact

with an infected object or surface may present a risk of transmission for days from the time the

object or surface becomes infected.

454.    A person who is infected with SARS-CoV-2 may not present symptoms immediately.

Rather, there is an "incubation period" in which a person is infected but has not begun to present

symptoms.  According to the WHO, "[t]he time from exposure to COVID-19 to the moment

when symptoms begin is, on average, 5-6 days and can range from 1-14 days."  Q&A on

coronavirus (COVID-19), WHO (Apr. 17, 2020), https://www.who.int/news-room/q-a-detail/q-a-

coronaviruses (open "How long does it take to develop symptoms?") (last updated Oct. 20, 2020).

455.    An infected person may spread SARS-CoV-2 before he or she begins to present significant symptoms.  As the WHO explains, "[w]hether or not they have symptoms, infected people can be contagious and the virus can spread from them to other people.  Laboratory data suggests that infected people appear to be most infectious just before they develop symptoms (namely 2 days before they develop symptoms) and early in their illness."  Coronavirus disease (COVID-19): How is it transmitted? (July 9, 2020), https://www.who.int/news-room/q-a-detail/coronavirus-disease-covid-19-how-is-it-transmitted (open "When do infected people transmit the virus?") (last updated Oct. 20, 2020).

456.    Correctional facilities present an especially hazardous environment for the spread of virulent biologicals such as SARS-CoV-2.  As United States Department of Justice ("DOJ"), Office of the Inspector General ("OIG") has explained, and according to the CDC, "the confined nature of correctional facilities, combined with their congregant environments, heighten[s] the potential for COVID-19 to spread once introduced into a facility."  Pandemic Response Report 21-012, Remote Inspection of Federal Medical Center Fort Worth, DOJ OIG (Dec. 15, 2020), available at https://oig.justice.gov/sites/default/files/reports/20-012.pdf; see also Pandemic Response Report 21-032, Remote Inspection of Federal Transfer Center Milan (Jan. 28, 2021), available at https://oig.justice.gov/sites/default/files/reports/21-032.pdf.

457.    The CDC has also observed that "[c]orrectional and detention facilities face unique challenges in the control of COVID-19." COVID-19 Management Assessment and Response Tool (CMAR) for Correctional and Detention Facilities, CDC, CS 320395-A at 1 (Nov. 19, 2020), available at https://www.cdc.gov/coronavirus/2019-ncov/downloads/community/Manage-

Assess-Response-Tool-508.pdf.  "Facilities include custody, housing, education, recreation, healthcare, food service, and workplace components in congregate settings, where recommended physical/social distancing may often be impractical."  Id.

458.    SARS-CoV-2 can spread in the air through droplets.

459.    SARS-CoV-2 can spread through aerosolization of the virus into the air.

460.    A single one-millimeter droplet may carry as many as ~50,000 viruses in case of a viral load of $10^8$ per milliliter respiratory fluid, which is realistic and higher than the estimated infectious dose for SARS-CoV-2.[2]

461.    Aerosols are physically defined as airborne solid or liquid particles with diameters smaller than 100 μm, which can remain suspended over extended periods of time. In medical studies, however, a threshold diameter of 5 μm has often been used to distinguish between a so-called "aerosol mode" and a "droplet mode".[3]

462.    Enrichment of viruses in the aerosol mode can enhance their transmission because smaller particles remain suspended for a longer time, leading to stronger accumulation and dispersion in the air.

---

[2] M. Imai, K. Iwatsuki-Horimoto, M. Hatta, S. Loeber, P. J. Halfmann, N. Nakajima, T. Watanabe, M. Ujie, K. Takahashi, M. Ito, S. Yamada, S. Fan, S. Chiba, M. Kuroda, L. Guan, K. Takada, T. Armbrust, A. Balogh, Y. Furusawa, M. Okuda, H. Ueki, A. Yasuhara, Y. Sakai-Tagawa, T. J. S. Lopes, M. Kiso, S. Yamayoshi, N. Kinoshita, N. Ohmagari, S. I. Hattori, M. Takeda, H. Mitsuya, F. Krammer, T. Suzuki, Y. Kawaoka, Syrian hamsters as a small animal model for SARS-CoV-2 infection and countermeasure development. Proc. Natl. Acad. Sci. U.S.A. 117, 16587–16595 (2020). doi:10.1073/pnas.2009799117pmid:32571934
[3] N. H. L. Leung, D. K. W. Chu, E. Y. C. Shiu, K.-H. Chan, J. J. McDevitt, B. J. P. Hau, H.-L. Yen, Y. Li, D. K. M. Ip, J. S. M. Peiris, W.-H. Seto, G. M. Leung, D. K. Milton, B. J. Cowling, Respiratory virus shedding in exhaled breath and efficacy of face masks. Nat. Med. 26, 676–680 (2020). doi:10.1038/s41591-020-0843-2pmid:32371934

463.    Aerosols have higher airborne virus concentrations, inhaled virus numbers, and infection risks – especially in densely occupied rooms with poor ventilation and long periods of exposure.

464.    Moreover, small aerosol particles have a higher penetration rate and higher probability of reaching the lower respiratory tract. [4]

### THE NOVEL CORONA VIRUS AT FCC YAZOO CITY

465.    As of May 16, 2022, 1,545 inmates at FCC Yazoo City were confirmed to have recovered from the virus, along with 75 staff[5]. However, the accuracy of these numbers is dubious at best, especially when considering that of the 184 plaintiffs who returned supplemental information forms with the details set forth hereinabove, 71 of those plaintiffs contracted COVID-19.  While it cannot be definitively extrapolated to a definite number of cases, these plaintiffs are clear and convincing evidence that the numbers being reported by BOP are innacurate.  If extremely limited research focused only on correctional workers revealed this much of a discrepancy, it is not improbable to assume that the number of reported COVID-positive inmates is also called into question.

466.    The defendant is in exclusive possession of relevant personnel files, records, and information, including, but not limited to, plaintiffs' dates of hire/separation, job descriptions, and work assignments.

467.    Defendant also retains records reflecting the names of employees and inmates who have had COVID-19, when they had COVID-19, and their locations in the Institution during that time of infection and potential infection.

---

[4] https://doi.org/10.1126/science.abg6296
[5] These are the numbers reported by BOP to OIG and shown on their "COVID dashboard" online.

468.    Each BOP facility has a daily roster of assignments for correctional workers, from which their location and movements throughout the day can be shown, as well as records reflecting the location and COVID-19 status of inmates at the Institution.  These records, as well as other evidence in the defendant's exclusive custody and control, will readily demonstrate plaintiffs' close proximity to the virulent biological COVID-19.

469.    Numerous staff absences during the COVID-19 outbreak at Yazoo City forced some institution staff to work longer shifts—in some instances as much as 40 hours straight.

470.    Both before and during the documented outbreak of COVID-19 among the inmates and correctional workers at the Institution, plaintiffs have been assigned to individual posts and/or positions within the Institution for each shift.  Defendant maintains a record of each plaintiff's employment and daily assignments, going back to the plaintiff's first assignment within the Institution.  Accordingly, defendant knows the posts and/or positions to which each plaintiff has been assigned on a daily basis going back at least six years from today.

471.    Correctional staff and inmates in the housing units were not immediately advised of the inmates' positive results or instructed to wear appropriate PPE, including N95 respirators, goggles, gloves, and gowns, for close contact with COVID-19 infected individuals consistent with BOP guidance.

472.    Staff who were in close contact with inmates suspected or confirmed to have COVID-19 did not have access to an N95 respirator at the beginning of the Yazoo City outbreak in mid- to late March despite a February 29 BOP directive and attached inmate screening tool that made clear that such staff should wear an N95 respirator.

473.    FCC Yazoo City did not immediately separate COVID positive inmates from their cell mates or open bay mates who had pending test results.

474.     Additionally, when infected inmates were removed from their cells and transferred to isolation units, other inmates were moved into the cells that were vacated, in many instances, without any cleaning or sanitation of the cell between inmates.

475.     COVID-19, or the Novel Corona Virus, is spread via airborne droplets which can remain in the air for multiple minutes after each breath an infected individual takes, and can settle on surfaces and live for multiple hours.

476.     Employees who worked around inmates were inevitably exposed to these droplets which meet the definition of a viral biological and micro-organism.

477.     Plaintiffs regularly interact with inmates and come into close proximity or direct physical contact with members of the inmate population on a daily basis.  For example, whether at an assigned post or otherwise traveling within the Institution, plaintiffs are responsible for performing inmate "pat downs" requiring close proximity and direct physical contact with inmates.  Plaintiffs must also participate in other searches (e.g., of inmate living quarters) which put them in close proximity and physical contact with inmates and their personal effects. Plaintiffs are also required to clean inmate cells of bodily fluids, and participate in prisoner transport to hospitals.

478.     Plaintiffs also come into close physical proximity with coworkers and inmates when performing daily job duties around the Institution, such as closely supervising inmates assigned to daytime activities ("work detail"), correcting inmate behavior, distributing equipment for use by inmates, escorting inmates throughout the Institution, and/or waiting in small, enclosed "sallyports" with coworkers and/or inmates.

479.     In addition, Plaintiffs come into close physical proximity and direct contact with coworkers when they engage in a required information and equipment exchange during the shift

exchange process for the 24-hour posts.  During this exchange, the outgoing correctional worker provides a critical verbal briefing to the oncoming officer or other correctional worker regarding security incidents and inmate information obtained during the prior shift.  The outgoing correctional worker also hands off a set of shared but required security equipment - including radios, keys, and OC spray- to the oncoming correctional worker.

480.     For the non-24-hour posts, staff arrives in the Institution (going through x-ray machine, sally port, administration building, and control center), exchanges chits for equipment for keys, OC spray, handcuffs, and repeats these steps at the end of the day/shift.     Regardless of post or assignments, plaintiffs must enter into the Institution for each shift, coming into close personal contact with coworkers and/or inmates, and physically touch equipment that is regularly handled by coworkers, including, but not limited to metal chains, metal accountability chits, keys, handcuffs, radios, and the radio charging stations located at each housing unit.

481.     Regardless of post or assignment, plaintiffs must also physically touch objects and surfaces throughout the Institution that are regularly handled by coworkers and inmates, including, but not limited to, door handles, security gates, cell doors, work stations/computes, logbooks, trash and trash receptacles, inmate effects and possessions, work tools, restroom surfaces, sinks and toilets, and other communal objects.

482.     Plaintiffs also work in close proximity to inmates and other coworkers potentially infected with COVID-19 when transporting prisoners in between institutions, when processing new arrivals and their personal effects, and when escorting new arrivals to points within FCC Yazoo City.  As the OIG has admitted, "[a]ny time prisoners are moved, there is an inherent risk that the prisoner could transmit COVID-19 to other parties including the transporting officials, other prisoners, and staff or inmates of the destination facility." Review of the United States

Marshals Service's Response to the COVID-19 Pandemic, Audit Division 21-034, OIG (Feb. 3, 2021), available at https://oig.justice.gov/sites/default/files/reports/21-034.pdf. "This is because of the necessary interactions between prisoners and staff that take place during transportation operations as well as the confined spaces of buses and aircraft, even when social distancing is encouraged." *Id.*

483.    At FCC Yazoo City, correctional workers were not and are not informed of the COVID-19 status of all transported inmates, even when that status is known by the Agency. Plaintiffs, as well as the Institution as a whole, are at substantial risk of SARS-CoV-2 exposure with every interaction with transported prisoners, every prisoner escorted, and every new arrival processed.

484.    Numerous staff absences during the COVID-19 outbreak at Yazoo City forced some Institution staff to work longer shifts – in some instances as much as 40 hours straight – and to move between COVID-positive units and non-COVID positive units, potentially becoming vectors of transmission.

485.    The foregoing exposure to areas, objects, surfaces, and/or individuals infected with SARS-CoV-2 was not taken into account in the classification of plaintiffs' positions.

486.    Defendant has not provided sufficient protective equipment nor measures to practically eliminate the hazard of exposure to SARS-CoV-2 at FCC Yazoo City.  From the beginning of the pandemic until the present time, correctional workers were given one (1) N95 respirator. CDC guidance provides that reusing an N95 respirator is not recommended; however, in the event that it must be, it should be re-used a maximum of five (5) times.  Further, not all employees were given N95 respirators; some were only issued cloth masks made by the Unicor facility at the Institution.

487.    Plaintiffs work in close proximity to SARS-CoV-2at the Institution, and they have performed work that involves potential personal injury such as death, or temporary, partial, or complete loss of faculties or ability to work due to acute, prolonged, or chronic disease within the meaning of Subpart E of Part 532 of Title 5, Code of Federal Regulations.

488.    On March 21, 2020, the Federal Bureau of Prisons put the facility on "lock down" to try to stem the spread of the COVID-19 outbreak.

489.    FCC Yazoo City did not promptly comply with BOP guidance that would have limited cross-contamination by preventing staff from working between facilities. We found that Yazoo City used a complex-wide roster that allowed staff to work posts at any of the three facilities.

490.    Common equipment, such as radios and keys, was not regularly sanitized.

491.    Correctional Officers were assigned to work shifts at the Low, which had multiple COVID-19 cases, only to be mandated to work another shift at the USP.  Officers who were assigned to guard COVID-positive inmates on an isolation ward at the local hospital might return to the Institution the next day and be assigned to work in the general population areas.  In this way, BOP's practice of "mandating" effectively served to increase the risks for everyone at the Institution, inmates and correctional staff alike.

**HAZARD PAY**

492.    Plaintiffs Ables, Ackerman, Agard, Anderson, Anthony-Hampton, Austin, Avery, Baker, Kenyon Banks, Swakieshia Banks, Barnes, Janice Bass, Jeanette Bass, Bassett, Beamon, Beasley, Benson, Berry, Best-Love, Black, Bolds, Boone, Booth, Eddrick Boyd, Nicole Boyd, Catherine Brent, Michael Brent, Brooks-Parker, Charlotte Brown, Gavin Brown, Latanya Brown, Lykesha Brown, Mattrisa Brown, Tiffany Brown, Victoria Brown, Buchanan, Bullock, Bunzy-Pullum, Calhoun, Campbell, Joanna Carter, Casey, Johnese Clark, Sederick Clark, Clay-Mills,

Cole, DeJovon Coleman, Houston Coleman, Collins, Conley, Conston, Clema Cooper, Robert

Cooper, Courtney, Cox, Crockett, Brandon Crowder, Libri Crowder, Cummings, Curtis, Darby,

Akia Davis, Anthony Davis, Barbara Davis, Michael Davis, Triniqua Davis, James Dean,

Reginald Dean, Kenyatta Dent, Phenician Dent, Domino, Dortch, Douglas, Drummond, Dunlap,

Edwards, Elery, Ellis, Evans, Fieber, Finney, Fleming, Ford, Frances Foster, Jayson Foster,

Raymond Foster, Jr., Fox, Franklin, Fuqua, Galtney, Gardner, Garrett, Garrison, Deoqua Gates,

Toshebia Gates, Geter, Gibson, Gilstrap, Ashley Gladness, Glass, Gooden, Goston, Justin

Gower, Granger, Grant, Graves, Audrey Green, Griffin, Gunn, Hall, Aaron Handy, Harber,

Harkey, LaQuita Harper, Reginald Harper, Harris, Charlotte Harrison, Delpeny Harrison,

Hathorn, Angela Hawkins, Terence Hawkins, Valencia Hawkins, Haymer, Haywood, Donna

Hearns, Eddie Hearns, Monica Heidel, Lovenso Henderson, Terrence Henderson, Henry,

Herrington, Hickman, Eric Holmes, Robert Holmes, Holton, Hooper, Hornsby, Horton,

Houseworth, LaColby Howard, Shalimar Howard, Hubbard, Humphries, Hutton-Harris, Ingram,

Ivory, Aaron Jackson, George Jackson, Jr., Keyanna Jackson, Lacreshia Jackson, Lawanda

Jackson, Luekertera Jackson, Jamison, Jefferson, Brittany Johnson, Byron Johnson, Christopher

Johnson, Maushunia Johnson, Tavorus Johnson, Tekesha Johnson, Bernitta Jones, Christopher

Jones, Desiree Jones, Elijah Jones, Kenya Jones, LaTari Jones, LaTisha Jones, LeTrey Jones,

Luciana Jones, Mackenzie Jones, Ralpheal Jones, Vanesssa Jones, Jordan, Kelly, Kemp,

Kimbrough, Jenna King, Rex King, Meredith Kirby, Knighten, Lairy, Lake-Carr, Lampkin, Lee,

Leflore, Carlos Lewis, Cecil Lewis, Sharon Lewis, Tony Lewis, Liddell-Peterson, Lindsey,

Corey Lofton, Oshad Lofton, Longino, Love, Luse, Mack, Marroquin, Demarco Martin, Eddie

Martin, Richard Martin, Mason, Mathews, Matthews, Mayhall, McAbee, McCain, McClain,

McCollum, McDowell, McFarland, McMaster, McMiller, Meeks, Donald Mills, Jr., Donald

Mills, Sr., Mills, Montgomery, Kacey Moore, Leonard Moore, Thaddeus Moore, Tiffany Moore, Morrison, Morrow, Munford, Murray, Nalls, Neal, Nelson, Newell, Newman, Newsome, Robert Newton, Sherard Newton, Norvel, Oatis, Owens, Pack, Paige-Coleman, Palmer, Patrick, Paul, Payne, Pelison, Pennington, Brittney Perry, Derek Perry, Shaun Perry, Ruthie Pickens, Pierce, Pittman, Phillips, Desi Potts, Shamekia Potts, Pough, Adrian Price, Cyndee Price, Rutishura Price, Priest, Pritchard, Rankin, Ratliff, Charles Ray, Jr., Sheneka Ray, Reed, Detravia Richardson, Seandria Richardson, Willie Richardson, Jr., Riley, Brenda Robinson, Damarcus Robinson, Robles, Rogers, Rosario, Ross, Rouse, Rubiola, Salassi, Charles Scott, Christopher Scott, Willie L. Scott, Willie T. Scott, Searight, Shackleford, Shaffer, Joe Shelby, Jr., Lynika Shelby, Shumpert, Simmons, Smiley, Allen Smith, Joshua Smith, Latoya Smith, Shanquilla Smith, Sheena Smith, James Snyder, Josette Snyder, Spearman, Stampley, Stephens, Ronald Stevenson, II, Sidney Stevenson, Jr., Stewart, Jacqueline Stokes, Jenny Stokes, Strong, Sumrall, Swan, Tate, Jacqueline Taylor, Jermy Taylor, Kalonji Taylor, Sheketric Taylor, Tomasinia Taylor, Terry, Broderick Thomas, Tarshauna Thomas, Thompson, Tiggs, Tillman, Townsend, Trotter, Tucker, Reginald Tyler, Sheena Tyler, Varnado, Walden, Walker, Warner, Warren, Warrington, Washington, Weaver, Barbara Webb, James Webb, Ricky Wells, Wesley, West, Westbrook, Whaley, Wheatley, Jeff White, Wiles, Anthony Williams, Braylon Williams, Carvika Williams, Chris Williams, Curtis Williams, Donterus Williams, Dwuan Williams, Helena Williams, Jacqueline Williams, Jason Williams, John Williams, Johnny Williams, Khe'Amber Williams, Ronnie Williams, Jr., Stephanie Williams, X'Zakaree Williams, Williamson, Wilson-Watson, Woodard, Woods, Wright, Yates, and Patrice Young are all General Schedule Employees under 5 U.S.C. § 5545(d) and its regulations in 5 CFR 550 5 C.F.R. §§ 550.902

493.     Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 492 and including paragraph 492 of this Complaint.

494.     Section 5545(d) of Title 5 of the U.S. Code provides that the United States Office of Personnel Management (OPM) shall establish a schedule of pay differentials for duty by federal employees involving unusual physical hardship or hazard.  Section 5545(d) further provides that OPM prescribe "such minimum periods as it determines appropriate" during which an employee who performs duty involving physical hardship or hazard is entitled to hazardous duty pay.

495.     Pursuant to Section 5545(d) of Title 5, OPM has issued regulations at 5 C.F.R. §§ 550.901-550.907 pertaining to hazardous duty pay.  These regulations establish a schedule of hazardous pay differentials and provide, inter alia, that an employee who qualifies for hazardous duty pay shall be paid hazardous duty pay for each day that the employee is exposed to hazardous duty or physical hardship.

496.     The schedule of hazardous duty pay differentials that OPM has established in regulations 5 C.F.R. §§ 550.901-550.907 provides that agencies shall pay hazardous duty pay to employees who are exposed to virulent biologicals, such as the Novel Corona Virus, to which plaintiffs have been exposed.  They further provide that the hazardous duty pay differential which the agency shall pay the employees equals twenty-five percent (25%).

497.     Since at least March 2020, through the present and continuing and ongoing, plaintiffs and others similarly situated have performed work with or in close proximity to the novel corona virus, including, without limitation, work performed with or in close proximity to facilities, rooms, offices, workspaces, equipment, objects, surfaces, and/or individuals infected with the virus without sufficient protective devices.

498.    Although plaintiffs have been exposed to virulent biologicals, defendant has failed and refused, and continues to fail and refuse, to pay plaintiffs the twenty-five percent (25%) pay differential for each day that plaintiffs have been required to work in close proximity to COVID-19.  By failing and refusing to pay plaintiffs a twenty-five percent (25%) pay differential on these occasions, and continuing to fail and refuse to pay plaintiffs for this hazardous duty, the defendant has violated, and is continuing to violate, the provisions of Title 5 relating to hazardous duty pay at 5 U.S.C. § 5545(d).

499.    As a consequence of defendant's failure and refusal to pay plaintiffs hazardous duty pay at all times relevant herein, plaintiffs have been unlawfully deprived of hazardous duty pay and other relief for the maximum statutory period allowed under federal law.

500.    As a result of the defendant's willful and purposeful violations of Title 5, there has become due and owing to each plaintiff various amounts which have not yet been precisely determined.  The employment and work records, including each plaintiff's daily assignments within the Institution, are in the exclusive possession, custody and control of defendant and its public agencies, and plaintiffs are unable to state at this time the exact amounts owing to each of them.  For example, the defendant is in exclusive possession of relevant personnel files and records reflecting plaintiffs' dates of hire/separation, job descriptions, and work assignments, as well as records reflecting the names of employees and inmates who have had COVID-19, when they had COVID-19, and their locations in the Institution during that time of infection and potential infection.

501.    Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for the defendant's failure to pay them hazardous duty pay.

502.    Plaintiffs are also entitled to recover attorneys' fees and costs under the Back Pay Act, 5 U.S.C. § 5596, as well as other applicable laws and regulations.

503.    Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for the defendant's failure to pay them hazardous duty pay.

504.    Plaintiffs are also entitled to recover attorneys' fees and costs under the Back Pay Act, 5 U.S.C. § 5596, as well as other applicable laws and regulations.

505.    As a result of plaintiffs' performance of their official duties in close proximity to COVID-19 on objects, surfaces, and/or individuals infected with COVID-19, as alleged herein, plaintiffs have been exposed to "virulent biologicals" within the meaning of Subpart I of Part 550 of Title 5, Code of Federal Regulations, and hazardous micro-organisms within the meaning of Subpart E of Part 532 of Title 5, Code of Federal Regulations.

506.    Moreover, as a result of the Bureau's handling of the crisis, employees' duties were changed in an irregular manner which put the employees at even greater risk of contact with COVID-19.

507.    Defendant has not compensated plaintiffs with the hazardous duty pay differential for exposure to virulent biologicals as set forth in Appendix A to Subpart I of Part 550 of Title 5, Code of Federal Regulations, or the environmental differential for exposure to hazardous microorganisms set forth in Appendix A to Subpart E of Part 532 of Title 5, Code of Federal Regulations.  Accordingly, defendant has failed to provide hazardous duty and environmental differential pay to plaintiffs when they work with or in close proximity to COVID-19 on objects, surfaces, and/or individuals infected with COVID-19 as required by 5 U.S.C. § 5545(d) and 5 U.S.C. § 5343(c)(4).

508.    Because defendant has failed to pay plaintiffs hazardous duty pay and/or environmental pay differentials, defendant has not included such pay when calculating plaintiffs' regular rates of pay for purposes of calculating and paying overtime compensation under the FLSA.

509.    By the nature of the term, pandemics are not usual, and pandemic response is not a usual duty considered with the occupations of named Plaintiffs.

510.    The pandemic and the response to the pandemic caused the Plaintiffs to work in unusually severe working conditions including the long overtimes, risk of infection by the novel corona virus, Inmate unrest due to high rates of inmate infections, and short staffing causing staff to work in unfamiliar positions.

511.    Each named employee was assigned to work and did perform work where they were under constant exposure to the novel corona virus.

**ENVIRONMENTAL DIFFERENTIAL PAY**

512.    Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 511 and including paragraph 511 of this Complaint.

513.    Plaintiffs Anthony, Bateast, Boddy, Percy Boyd, Albert Brown, Jami Brown, Michael Brown, Sr., Stacy Brown, Bryant, Bullock-Williams, Carson, Katina Carter, Aaron Coleman, Jeff Coleman, Cross, Curtis Dixon, Jr., Marquee Evans, Fuller, Gainwell, Marqueis Gladness, Marcus Gower, David Green, Malcolm Handy, Jr., Hardy, Edward Heidel, Craig Holmes, Hughes, James, Philip Kirby, Knight, Ledlow, Levy, Carlos Lewis, Lindo, March, McLemore, McMurtrey, Donald Mills, Sr., Leonard Moore, Salena Moore, Nicholson, Pepper, Jerrick Pickens, Pruett, Sampson, Santana, John Scott, Jr., Sims, Lorenzo Smith, Mickell Smith, Jr., Sproles, Stanley, Stiff, Stowers, Swearengen, Sylvester, Joan Taylor, Thigpen, Trammell, Tyler-Clark, Veal, Walls, Brad Wells, Whisenton, Brian White, Leonard White, III, and April Young

are all Wage Grade employees under 5 U.S.C. § 5341 *et seq.*, and its regulations in 5 C.F.R. § 532.101, *et seq.*

514.    Pursuant to 5 U.S.C. § 5343(c)(4), OPM has issued regulations regarding wage schedules and rates for prevailing rate employees which provide for environmental pay differentials for duty involving unusually severe working conditions or unusually severe hazards. See 5 C.F.R. § 532.511.

515.    The schedule of environmental differentials is contained in Appendix A to Subpart E of Part 532 of Title 5, Code of Federal Regulations.  See 5 C.F.R. § 532.511(d).

516.    The schedule of environmental differentials provides that agencies shall pay an eight percent (8%) environmental pay differential when employees perform work with or in close proximity to "micro-organisms which involves potential personal injury such as death, or temporary, partial or complete loss of faculties or ability to work due to acute, prolonged, or chronic disease" in situations where "the use of safety devices and equipment, medical prophylactic procedures such as vaccines and antiserums and other safety measures do not exist or have been developed but have not practically eliminated the potential for such personal injury" or a four percent (4%) environmental differential when employees perform work with or in close proximity to "micro-organisms in situations for which the nature of the work does not require the individual to be in direct contact with primary containers of organisms pathogenic for man" where "the use of safety devices and equipment and other safety measures have not practically eliminated the potential for personal injury."  5 C.F.R. Pt. 532, Subpt. E., App. A.

517.    The regulations provide that "[a]n employee entitled to receive an environmental differential shall be paid an amount equal to the percentage rate authorized by the Office of Personnel Management for the category in which the working condition or hazard falls,

multiplied by the rate for the second step of WG-10 for the appropriated fund employees and NA-10 for the nonappropriated fund employees on the current regular non-supervisory wage schedule for the wage area for which the differential pay is payable, counting one-half cent and over as a whole cent."  5 C.F.R. § 532.511(b)(1).

518.    An employee entitled to an environmental differential on the basis of hours in a pay status "shall be paid for all hours in a pay status on the day on which he/she is exposed to the situation."  5 C.F.R. § 532.511(b)(3).

519.    Since at least April of 2020, through the present and continuing and ongoing, plaintiffs paid pursuant to the prevailing rate pay system and other similarly situated prevailing rate employees have performed work with or in close proximity to the Novel Corona Virus, including, without limitation, work performed with or in close proximity to facilities, rooms, offices, workspaces, equipment, objects, surfaces, and/or individuals infected with the Virus without sufficient protective devices.

520.    The defendant is in exclusive possession of relevant personnel files, records, and information, including, but not limited to, plaintiffs' dates of hire/separation, job descriptions, and work assignments.

521.    Defendant also retains records reflecting the names of employees and inmates who have had COVID-19 which is a disease that occurs due to the infection of the Novel Corona virus, when they had COVID-19 or potential/likely COVID-19 infection, and their locations in the Institution during that time.

522.    Each BOP facility has a daily roster of assignments for correctional workers, from which their location and movements throughout the day can be shown, as well as records reflecting the location and COVID-19 status of inmates at the Institution.

523.     These records, as well as other evidence in the defendant's exclusive custody and control, will readily demonstrate plaintiffs' close proximity to the virulent biological COVID-19.

524.     Defendant has failed, and continues to fail, to pay plaintiffs the eight or four percent environmental differential listed in Appendix A to Subpart E or Part 532 of Title 5, Code of Federal Regulations for each period when they have been exposed to COVID-19 through the performance of their official duties.

525.     By failing to pay plaintiffs the eight or four percent environmental differential on these occasions, and continuing to fail and refuse to pay plaintiffs for this hazardous duty, the defendant has violated, and continues to violate, the provisions of 5 U.S.C. § 5343(c)(4).

526.     As a consequence of defendant's failure to pay plaintiffs environmental differential pay, plaintiffs have been unlawfully deprived of environmental differential pay and other relief.

527.     As a result of the defendant's willful and purposeful violations of Title 5, there has become due and owing to each plaintiff various amounts which have not yet been precisely determined.

528.     Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for the defendant's failure to pay them an environmental differential.

529.     Plaintiffs are entitled to recover attorneys' fees and costs under the Back Pay Act, 5 U.S.C. § 5596, as well as other applicable laws and regulations.

### COUNT 3 - FLSA Regular Rate

530.     Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 529 and including paragraph 529 of this Complaint.

531.     Section 7(a) of the FLSA, 29 U.S.C. § 207(a), provides that overtime shall be paid to employees for work hours in excess of 40 hours in a week at the rate of one and one-half (1 ½)

times an employee's "regular rate of pay."  In addition, Section 551.501 of the Code of Federal Regulations, 5 C.F.R. § 551.501, provides that federal agency employers, such as the Bureau of Prisons, shall compensate their employees at a rate of not less than one and one-half (1 ½) times the employees' regular rate of pay for all hours of work in excess of eight (8) in a day and/or forty (40) in a work week.

532.    At all times relevant herein, during the work weeks in which plaintiffs have worked in excess of forty (40) hours in a week and/or eight (8) hours in a day and have been paid overtime pay for such work, defendant has failed to properly calculate the "regular rate of pay" used to calculate FLSA overtime pay.

533.    Defendant has violated the FLSA by failing to include hazardous duty pay and environmental pay differential payments owed to plaintiffs as set forth in Courts 1 and 2 above, in the regular rate of pay at which FLSA overtime is paid.

534.    The FLSA claim in this case is limited exclusively to the improper calculation of the regular rate of pay used by the defendant when it paid FLSA overtime pay to plaintiffs caused by the failure of the defendant to include hazardous duty and/or environmental pay differential payments, to which plaintiffs have been and continue to be entitled as explained by paragraphs 1-herein.

535.    By failing to properly calculate the regular rate of pay for plaintiffs and other employees similarly situated as required under law, defendants has violated, and is continuing to violate in a willful and intentional manner, the provisions of the FLSA.  Therefore, at all times relevant herein, plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum statutory period allowed under federal law.

536.    As a result of the defendant's willful and purposeful violations of Title 5, there has become due and owing to each plaintiff various amounts which have not yet been precisely determined.  The employment and work records, including each plaintiff's daily assignments within the Institution, are in the exclusive possession, custody and control of defendant and its public agencies, and plaintiffs are unable to state at this time the exact amounts owing to each of them.

537.    Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for defendant's failure to pay overtime compensation at the correct rate on the occasions when defendant paid plaintiffs for overtime work.

538.    Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for defendant's failure to pay them overtime compensation at the correct rate on the occasions when defendant paid plaintiffs for overtime work.

539.    Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b), and the Back Pay Act, 5 U.S.C. § 5596, as well as other applicable laws and regulations.


**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that this Court:

(a)    Enter judgment declaring that defendant has willfully and wrongfully violated its statutory obligations and deprived each of the plaintiffs of their rights;

(b)    Order a complete and accurate accounting of all the compensation to which plaintiffs are entitled;

(c)    Award each plaintiff monetary damages, plus interest;

(d)    Award each plaintiff liquidated damages equal to the backpay awarded on their FLSA regular rate violation claims;

(e)    Award plaintiffs their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(f)    Grant such other relief as may be just and proper.

Respectfully submitted by:

WHITEHEAD LAW FIRM

May 16, 2022

   /s/ Jack K. Whitehead, Jr.
JACK K. WHITEHEAD, JR.. #17863
11909 Bricksome Avenue, Suite W-3
Baton Rouge, Mississippi  70816
Telephone: (225) 303-8600
Fax: (225) 303-0013
teamwhitehead@whitehead-law.com
*Attorney for Plaintiffs*

    /s/  John-Ed L. Bishop
JOHN-ED L. BISHOP #31622
11909 Bricksome Avenue, Suite W-3
Baton Rouge, Louisiana  70816
Telephone: (225) 303-8600
Fax: (225) 303-0013
teamwhitehead@whitehead-law.com

    /s/ Joshua L. Davis
JOSHUA L. DAVIS #39153
11909 Bricksome Avenue, Suite W-3
Baton Rouge, Louisiana  70816
Telephone: (225) 303-8600
Fax: (225) 303-0013
teamwhitehead@whitehead-law.com

*Of Counsel for Plaintiffs*